In re FAMILY HOSPICE, LTD.
and St. John's Episcopal
Retirement Corp.

No. 08–00–00478–CV.

Court of Appeals of Texas,
El Paso.

Nov. 29, 2001.

Jill C. Pennington, Max E. Wright, Wright & Kidwell, PC, Midland, Scott M. Tidwell, McMahon, Tidwell, Hansen, Atkins & Fowler, P.C., Odessa, for relator.

Tryon D. Lewis, Spencer W. Dobbs, Odessa, for respondent.

Before BARAJAS, C.J., LARSEN, and McCLURE, JJ.

### OPINION

RICHARD BARAJAS, Chief Justice.

This is an original proceeding in mandamus. Relators, Family Hospice, Ltd. and St. John's Episcopal Retirement Corporation, petition this Court to mandamus Respondent, The Honorable Tyron Lewis, Judge of the 161st Judicial District Court of Ector County, Texas, to vacate his order partially granting Relators' Motion to Compel and to grant Relators' Motion to Compel in its entirety. For the reasons stated, we conditionally grant the Relators' petition for writ of mandamus.

### I. SUMMARY OF THE EVIDENCE

Real Parties in Interest, Cirildo Fernandez, Victor Fernandez and Rosa Sabreda Fernandez, filed the underlying wrongful death lawsuit alleging negligence on the part of Relators in their care of Paula Torres Fernandez, deceased. Ms. Fernandez, a diabetic, was injured when her toes were crushed by her wheelchair while she was being transported in the chair. Ms. Fernandez developed a wound on her right foot, which later became infected and required hospitalization. Upon returning to the nursing home, Ms. Fernandez's right toes were again run over while she was

being transported in her wheelchair. Ms. Fernandez's wound began to deteriorate and the end of her right foot was amputated. When the stump did not heal, doctors amputated above the knee. Ms. Fernandez died a few weeks later.

Family Hospice sent Real Parties in Interest a request for disclosure pursuant to Rule 194 of the Texas Rules of Civil Procedure. Real Parties in Interest designated Becky Cameron, RNC, CLNC, as their testifying expert. Family Hospice then issued its cross-notice of deposition with subpoena duces tecum, regarding the oral deposition of Cameron. On the second day of Cameron's deposition, it became known that documents, which were responsive to the request for disclosure and subpoena duces tecum, were being withheld. Real Parties in Interest then asserted for the first time a non-core work-product privilege for the documents requested in the notice.

Family Hospice filed a Motion to Compel requesting the court to order Real Parties in Interest to produce the documents. After conducting a hearing, Judge Lewis granted in part and denied in part Family Hospice's motion. Specifically, Real Parties in Interest were ordered to produce notes made by Cameron in her review of Interrogatories Nos. 15, 16, 17, and 18. All comments made by Cameron in her review of all Requests for Production were ordered produced, except Nos. 17, 34–37, 40, 41, 51, 52, and 54–57, which the court found were protected by the non-core work-product privilege and were not discoverable. The court found that notes made by Cameron in response to Interrogatories Nos. 1, 2, 4, and 14 were protected by the non-core work-product privilege and were not discoverable. Real Parties in Interest were ordered to produce all responses to the questions prepared by Cameron for questioning of one of the defendants' employees. The court found the questions themselves to be protected by the work-product privilege and thus not discoverable. Finally, the court found that Real Parties in Interest did not waive any objection to the subpoena duces tecum. It is from this order that Relators seek relief.

## II. *DISCUSSION*

■ Mandamus will lie only to correct a clear abuse of discretion. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law. *See id.* Relators present two issues: 1) Whether documents tendered for in camera inspection are protected by the non-core work-product privilege and are non-discoverable?; and 2) Whether Real Parties in Interest waived their right to assert an objection to the subpoena duces tecum issued by Relator, Family Hospice?

### A. Clear Abuse of Discretion

■ An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding).

Relators contend that the entirety of the documents made subject of the Motion to Compel are discoverable and the Respondent incorrectly ruled that the documents are governed by the non-core work-product privilege under the Texas Rules of Civil Procedure. Rule 192.3(e) provides:

> *Testifying and Consulting Experts.* The identity, mental impressions, and opinions of a consulting expert whose mental impressions and opinions have not been reviewed by a testifying expert

are not discoverable. A party may discover the following information regarding a testifying expert or regarding a consulting expert whose mental impressions or opinions have been reviewed by a testifying expert:

    (1) the expert's name, address, and telephone number;

    (2) the subject matter on which a testifying expert will testify;

    (3) the facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case in which the discovery is sought, regardless of when and how the factual information was acquired;

    (4) the expert's mental impressions and opinions formed or made in connection with the case in which discovery is sought, and any methods used to derive them;

    (5) any bias of the witness;

    (6) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony;

    (7) the expert's current resume and bibliography.

TEX.R. CIV. P. 192.3(e).

■ Because the documents in question are the product and/or documentation of the mental impressions of a testifying expert and because the Texas Rules of Civil Procedure provide that any information regarding a testifying expert's mental impressions or opinions are discoverable regardless of when and how the information was acquired, we hold that the ruling of the trial court constitutes a clear abuse of discretion. *See* TEX.R. CIV. P. 192.3(e)(3), (4), and (6).

## B. No Adequate Remedy by Appeal

■ An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *See Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986)(orig.proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker,* 827 S.W.2d at 840 (quoting *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984)). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989)(quoting JAMES SALES, ORIGINAL JURISDICTION OF THE SUPREME COURT AND THE COURTS OF CIVIL APPEALS OF TEXAS IN APPELLATE PROCEDURE IN TEXAS § 1.4(1)(b) at 47 [2d ed.1979] ).

■ The Texas Supreme Court has noted three situations in the discovery context when an appeal is not an adequate remedy and when mandamus is proper. First, when the trial court erroneously orders the disclosure of privileged information that will materially affect the rights of the aggrieved party, such as documents protected by the attorney-client privilege, an appeal will not be an adequate remedy when the appellate court is unable to cure such error. *See Walker,* 827 S.W.2d at 843. Relators have made no such complaint in the matter before us.

■ Second, when the trial court disallows discovery and the missing discovery cannot be made part of the appellate record, thereby precluding appellate review, mandamus is a proper remedy. *See id.* Relators have made no such complaint in the matter before us.

Finally, where the party's ability to present a viable claim or defense is vitiated or severely compromised, appellate remedy may be inadequate. *See id.* Relators contend that they will be forced to defend the cause to disposition without the benefit of the subject documents, which will compromise their defenses and vitiate their ability to adequately prepare for trial. We agree and hold that Relators do not have an adequate remedy by appeal. Accordingly, we sustain Issue No. One.[1]

We conditionally grant the Relators' petition for writ of mandamus. Nonetheless, we are confident the trial court will comply with this order, thus writ will not issue unless it fails to vacate the order of September 18, 2000, and to grant Relators' Motion to Compel in its entirety.

---

1. Given our disposition of Issue No. One, we need not address Issue No. Two.