Arlington Motor Cars, USA v. F. Gaylan Young Insurance Agency, Inc. d/b/a Rodney D. Young Insurance

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-042-CV

ARLINGTON MOTOR CARS, USA APPELLANT

V.

F. GAYLAN YOUNG INSURANCE APPELLEE

AGENCY, INC. D/B/A

RODNEY D. YOUNG INSURANCE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Arlington Motor Cars, USA, appeals a Rule 13 sanction order ordering it and its counsel jointly and severally to pay Appellee, F. Gaylan Young Insurance Agency, Inc. d/b/a Rodney D. Young Insurance, $7,500 in attorney’s fees.
(footnote: 2)  In four issues, Appellant complains that the trial court abused its discretion in awarding sanctions.  We reverse the trial court’s judgment.

I. 
Factual Background

Appellant originally filed this cause of action pro se in the justice of the peace court.  Appellee filed a general denial.  A trial was held, and the court rendered judgment for Appellee.  Appellant then retained counsel to obtain a reduction in the appeal bond and to represent it in its appeal of the judgment in the county court at law.

After the case was on appeal in the county court at law, Appellee filed an amended answer containing a general denial, special exceptions, and a counterclaim for attorney’s fees as a Rule 13 sanction.  Appellee then filed a motion for summary judgment on the ground that Appellant had sued the wrong party.  Appellant filed a response to the motion for summary judgment.

At the first hearing in the county court at law, the hearing on the special exceptions, there was some discussion about the possibility of Appellant nonsuiting the case.  Next, a hearing was held on Appellee’s motion for summary judgment, which was granted.  Over a month later, the hearing on the Rule 13 sanctions was held, and the court took the issue under advisement to allow Appellant time to consider nonsuiting the case.  On April 26, 2002, the court held an evidentiary hearing on the motion for sanctions and awarded Appellee $7,500 in attorney’s fees as a Rule 13 sanction because Appellant had not nonsuited Appellee.

The court made no specific findings in its final judgment; therefore, Appellant filed a motion for findings of fact and conclusions of law, rehearing, and new trial, which were denied.  Appellant then filed this appeal. 

II.  
Legal Analysis

In its four issues, Appellant generally claims that the trial court abused its discretion by awarding Rule 13 sanctions.  Specifically, in issues one and four, Appellant claims that the trial court erred in awarding Rule 13 sanctions because there was no evidence in the record to prove the suit was groundless and brought in bad faith or groundless and brought for the purposes of harassment nor did the order granting sanctions contain specific findings of fact supporting it.  We agree.

A. 
Standard of Review

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.
(footnote: 3) 
Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.
(footnote: 4) 

An abuse of discretion does not occur where the trial court bases its decision on conflicting evidence.
(footnote: 5) 
 Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court’s decision.
(footnote: 6) 

B.  Rule 13 Sanctions

Rule 13 states in part: 

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.

. . . .

Courts shall presume that pleadings, motions, and other papers are filed in good faith.  No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order.
(footnote: 7)

“Well settled principles guide the interpretation of Rule 13.  Texas courts apply the same rules of construction to rules of procedure as to statutes.”
(footnote: 8)  If a rule of procedure is clear, unambiguous, and specific, we construe its language according to its literal meaning.
(footnote: 9)  Therefore, to determine whether Rule 13 sanctions are proper, the trial court must examine the facts and circumstances in existence at the time the pleading was filed.
(footnote: 10)  “Bad faith does not exist when a party merely exercises bad judgment or is negligent; rather ‘it is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes.’”
(footnote: 11)  Courts must presume that pleadings are filed in good faith, and thus, the party moving for sanctions bears the burden of overcoming this presumption.
(footnote: 12)  Consequently, Rule 13 regulates the 
signing
 of groundless pleadings filed in bad faith or for purposes of harassment, “not the pursuit of an action later determined to be groundless 
after
 pleadings were filed. . . . As a result, the circumstances pivotal to the determination of whether sanctions should issue are those in existence at the time the pleading in question was signed and filed.”
(footnote: 13)
 In this case, Appellant originally brought suit pro se in justice court.  Appellant, restricted by the appellate timetable, retained counsel to file its appeal to county court at law only days before the appeal was filed.  Appellee repeatedly refers this court to a motion for summary judgment filed in the justice court, implying that Appellant’s counsel was on notice before the county court at law appeal that Appellee was allegedly not a proper party in this suit.  However, no motion for summary judgment exists in the record.  Appellee further explained to this court in oral argument that it had not actually filed the motion for summary judgment, but that it had orally argued a motion for directed verdict.  Because the justice court is not a court of record,
(footnote: 14) this “motion” was not available to put Appellant’s counsel on notice, and we will not consider anything outside the record in reviewing the validity of the sanction order.
(footnote: 15)  The only motion for summary judgment in this case that would put Appellant and Appellant’s counsel on notice that Appellee was allegedly not a proper party to this suit is the unsigned and undated motion filed by Appellee after the case had already been sent to the county court at law on appeal.  

Therefore, Appellant was not sanctioned for signing and filing a frivolous suit, but for continuing its suit once Appellee provided it with evidence that allegedly proved Appellee was not a proper party to this suit.  “Yet, Rule 13, by its very words, only encompasses the initiation of a frivolous action for improper motive not the continuation of a suit after it is shown to be baseless.”
(footnote: 16)
 Additionally, Rule 13 requires particular findings to be stated in the sanction order.
(footnote: 17)  “One purpose of the Rule 13 particularity requirement is to justify the imposition of the sanctions and to give some evidence the sanctions were carefully weighed and imposed ‘in an appropriate manner when justified by the circumstances.’”
(footnote: 18)  Courts have held that finding a pleading was filed “for the purposes of harassment, causing unnecessary delay, needless increase in the cost of litigating Plaintiff’s case, and for the purpose of denying Plaintiff access to relevant documents,”
(footnote: 19) or that “Plaintiff/Counter-Defendant’s attorney failed to conduct a reasonable investigation of the law and facts before initiating this lawsuit”
(footnote: 20) is not sufficient to meet the particular findings requirement of Rule 13.
(footnote: 21)
 The order here did not recite the particular reasons supporting good cause to issue the sanction and did not include findings of fact and conclusions of law supporting good cause.
(footnote: 22)  Although it was argued that the sanctions were valid under the Texas Deceptive Trade Practices Act,
(footnote: 23) the order specifically granted sanctions under Rule 13 and not the DTPA.  The order bears the heading “Order Granting Rule 13 Sanctions” and simply states:  “This Court specifically finds that Plaintiff’s claims . . . were groundless and brought in bad faith and that had the Plaintiff conducted a reasonable investigation prior to filing suit against the Defendant, Plaintiff would have learned that these claims were groundless.”  Consequently, by neglecting adequately to recite the particular reasons supporting good cause to issue the sanction, the order does not meet the particularity requirement.

Based on our above discussion we hold that the trial court abused its discretion in levying Rule 13 sanctions and in failing to provide specific findings in the order.  We sustain Appellant’s first and fourth issues.  Because of our disposition of these issues, we do not reach Appellant’s other issues.
(footnote: 24)

III. Conclusion

Having sustained Appellant’s first and fourth issues, we reverse the trial court’s judgment and render judgment that Rule 13 sanctions are denied.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  December 11, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4. 

2:
See 
Tex. R. Civ. P.
 13.

3:
See Carpenter v. Cimarron Hydrocarbons Corp.,
 98 S.W.3d 682, 687 (Tex. 2002); 
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

4:
Downer
, 701 S.W.2d at 241-42.

5:
Davis v. Huey
, 571 S.W.2d 859, 862 (Tex. 1978);
 see also Goode v. Shoukfeh,
 943 S.W.2d 441, 446 (Tex. 1997). 

6:
Butnaru v. Ford Motor Co., 
84 S.W.3d 198, 211 (Tex. 2002); 
Holley v. Holley
, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

7:
Tex. R. Civ. P. 
13.

8:
Bradt v. Sebek
, 14 S.W.3d 756, 762 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). 

9:
Id
.;
 Murphy v. Friendswood Dev. 
Co.
, 
965 S.W.2d 708, 709 (Tex. App.—Houston [1st Dist.] 1998, no pet.).

10:
Appleton v. Appleton
, 76 S.W.3d 78, 86 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

11:
Id
. at 86–87; 
Mattly v. Spiegel, Inc.
, 19 S.W.3d 890, 896 (Tex. App.—Houston [14th
 Dist.] 2000, no pet.).

12:
Mattly
, 19 S.W.3d at 896.

13:
Karagounis v. 
Prop. Co. of Am.
, 
970 S.W.2d 761, 764 (Tex. App.—Amarillo 1998, pet. denied).

14:
See
 
Tex. R. Civ. P.
 525.

15:
See Toles v. Toles
, 45 S.W.3d 252, 266-67 (Tex. App.—Dallas 2001, pet. denied).

16:
Karagounis
, 970 S.W.2d at 765.

17:
T
ex. R. Civ. P.
 13.

18:
Murphy
, 965 S.W.2d at 710.

19:
Tarrant County v. Chancey
, 942 S.W.2d 151, 155 (Tex. App.—Fort Worth 1997, no writ).

20:
Mattly
, 19 S.W.3d at 896.

21:
Id
.;
 Tarrant
 
County
, 942 S.W.2d at 155.

22:
See Mattly
, 19 S.W.3d at 896.

23: See 
Tex. Bus. & Com. Code Ann.
 § 17.50(b) (Vernon 2002).

24:
See
 Tex. R. App. P
. 47.1.