**FRIEDMAN AND ASSOCIATES, P.C. and Beltline Entertainment, Ltd., Appellants,**

v.

**BELTLINE ROAD, LTD. and Cadillac Jack's, Inc., Appellees.**

No. 05–92–02046–CV.

Court of Appeals of Texas, Dallas.

June 14, 1993.

Rehearing Denied July 21, 1993.

Lawrence Friedman, Ann H. Washburn, Dallas, for appellants.

Lloyd E. Ward, Van Hooker, Dallas, for appellees.

Before THOMAS, OVARD and MORRIS, JJ.

## OPINION

MORRIS, Justice.

Friedman and Associates, P.C. and Beltline Entertainment, Ltd. appeal the trial court's order imposing sanctions against them pursuant to rule 13 of the Texas Rules of Civil Procedure. Appellants assert seven points of error on appeal. Because we find merit in appellants' sixth point of error, we reverse the trial court's sanction order and render judgment that the sanction order is unenforceable against appellants.

On June 5, 1992, appellees filed a post-judgment motion with the trial court seeking $5000 in monetary sanctions against appellants pursuant to rule 13. As the basis for sanctions, appellees alleged appellants made false statements to the trial court and filed numerous motions with the trial court that had no basis in law and were solely for the purpose of delaying the trial.[1] The trial court held a hearing on the motion for sanctions on June 11. On June 15, it granted the motion and issued an order imposing sanctions against appellants jointly and severally in the amount of $10,000.

On June 19, appellants filed with the trial court a motion for reconsideration of the sanctions award and the June 15 sanction order. In the motion, appellants specifically urged the court's sanction order was defective because it did not state the "particulars" for good cause as required by rule 13. On

1. We do not recount the subject matter of appellants' alleged false statements and groundless motions because such a discussion is not material to our disposition of the case.

June 23, appellants filed with the trial court a motion for clarification of the sanction order and also a request for findings of fact and conclusions of law. In the motion for clarification of the sanction order, appellants again specifically informed the trial court the sanction order did not comply with rule 13 because it did not state with particularity the facts supporting a finding of good cause for imposing sanctions against them.

On June 26, the trial court signed an order granting in part appellants' motions for reconsideration and clarification. In that order, the trial court stated it would issue an amended sanction order addressing "the issue of specificity needed in order to award monetary sanctions against a party" pursuant to rule 13. On that same day, the trial court issued its amended sanction order. The amended sanction order, in addition to again imposing $10,000 in sanctions against appellants, stated appellants were in violation of rule 13 and that sanctions were appropriate. The order, however, did not recite or describe why good cause existed for imposing the sanctions. On July 15, the trial court filed findings of fact and conclusions of law regarding the June 11 hearing on the motion for sanctions.

■ The gravamen of appellants' sixth point of error is that the trial court failed to comply with the specific provisions of rule 13 of the Texas Rules of Civil Procedure by not reciting or describing in its original or amended sanction order the factual basis for its conclusion that good cause existed to impose sanctions. Appellants argue the trial court's failure to include its findings in the order itself is reversible error. We agree.

The pertinent part of rule 13 reads as follows:

> Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which *must be stated in the sanction order.*

TEX.R.CIV.P. 13 (emphasis added). An earlier version of rule 13 additionally provided for a period of time in which a person or party who had violated the rule could take remedial action in an effort to avoid the imposition of sanctions. This "cure" provision was eliminated from the rule in an amendment effective September 1, 1990. The requirement that the trial court state the particulars of good cause in its order initially was placed in the rule so an offending party would be informed specifically of the conduct that needed to be corrected in order to avoid the imposition of sanctions. *See Watkins v. Pearson,* 795 S.W.2d 257, 260 (Tex.App.—Houston [14th Dist.] 1990, writ denied). When the supreme court deleted the "cure" provision from the rule, however, it did not eliminate the requirement that the trial court's order must contain the particulars of any good cause found. We perceive at least two reasons why the supreme court may have retained this requirement.

First, the requirement imposes on the trial court a duty to justify the imposition of sanctions simultaneously with putting the sanctions into effect through its written order. The supreme court has determined that sanctions must be weighed carefully and imposed only in an appropriate manner when justified by the circumstances. *See TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991); *Braden v. Downey,* 811 S.W.2d 922, 929 (Tex.1991). Requiring the trial court to recite its reasons in its sanction order holds the trial court directly accountable to adhering to this standard and necessarily invites the trial court to reflect carefully on its order before imposing sanctions. Otherwise, an order could be entered imposing sanctions, but the trial court's findings in support of it postponed to a much later time when the facts making the basis of the order are viewed through hindsight, perhaps after memories have failed or records have been misplaced.

Second, the requirement that the particulars of good cause be stated in the order serves the purpose of deterring similar conduct in the future. If the person or party is immediately informed in the trial court's order of the nature of the offensive conduct, he can refrain from committing the same or similar conduct and avoid future sanctions for the same conduct. If he were not so informed, the conduct the trial court previously found violative of rule 13 conceivably

could occur again without the offending person or party knowing he had caused yet another problem. Without the particulars of good cause stated in the order, the same party could have additional sanctions imposed before ever knowing why the trial court imposed sanctions in the first place.

In this case, the trial court issued its initial sanction order on June 15, 1992, but it did not set forth in its order the particulars of any good cause found. Appellants timely and repeatedly objected to the trial court's failure to do so. *See* Tex.R.App.P. 52(a); *Bloom v. Graham*, 825 S.W.2d 244, 247 (Tex. App.—Fort Worth 1992, writ denied). The trial court subsequently indicated it would issue an amended order addressing "the issue of specificity needed in order to award monetary sanctions" against appellants. In effect, the trial court acknowledged its initial sanction order was defective. But when it issued an amended sanction order on June 26, 1992, the trial court again failed to recite or describe in the order any findings supporting its conclusion that good cause existed for the imposition of sanctions. Nearly three weeks later, in its separately filed findings of fact and conclusions of law, the trial court informed appellants about the conduct it considered violative of rule 13.

 Rule 13 is specific. The language in the rule requiring the trial court to state its findings in its sanction order is clear and unambiguous. Where a rule of procedure is clear, unambiguous, and specific, we construe the rule's language according to its literal meaning. *See GTE Communications Sys. Corp. v. Curry*, 819 S.W.2d 652, 653 (Tex. App.—San Antonio 1991, orig. proceeding). A trial court is not at liberty to ignore the language of such a rule but must be guided by the rule's specific requirement. *See Methodist Hosps. of Dallas v. Corporate Communicators, Inc.*, 806 S.W.2d 879, 884 (Tex.App.—Dallas 1991, writ denied). Moreover, a trial court cannot avoid the clear directive of the rule by gratuitously making findings in separately filed findings of fact after a sanction order is entered and in effect. We hold the requirement stated in rule 13 that the trial court state in its *order* the particulars of any good cause found for im-

posing sanctions is mandatory. *See GTE Communications*, 819 S.W.2d at 654. Consequently, the trial court's failure to state the particulars of good cause in its order constitutes noncompliance with the rule. *See Luxenberg v. Marshall*, 835 S.W.2d 136, 141 (Tex.App.—Dallas 1992, no writ). As such, the trial court's sanction order is unenforceable against appellants. *See Watkins*, 795 S.W.2d at 261. We sustain appellants' sixth point of error and, therefore, need not address their other complaints.

We reverse the trial court's sanction order and render judgment that the sanction order is unenforceable against appellants.