Gerald D. MURPHY, Douglas A. Murphy, American Rice, Inc., Erly Industries, Inc., Larry Knippa, and Joseph A. Kral, Appellants,

v.

FRIENDSWOOD DEVELOPMENT COMPANY and King Ranch, Inc., Appellees.

No. 01–97–00085–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 12, 1998.

Rehearing Overruled April 6, 1998.

Joseph A. Kral, Larry D. Knippa, Houston, for Appellants.

Glen Richard Legge, Frederick B. Goldsmith, Houston, for Appellees.

Before COHEN, O'CONNOR and ANDELL, JJ.

## OPINION

COHEN, Justice.

Gerald D. Murphy, Douglas A. Murphy, American Rice, Inc., Erly Industries, Inc., Larry Knippa, and Joseph A. Kral (appellants) appeal from an order granting Friendswood Development Company and King Ranch, Inc. (appellees) $134,000 in sanctions. We reverse and remand.

### Background

In April 1995, Gerald Murphy, Douglas Murphy, American Rice, Inc. (ARI), and Erly Industries, Inc. (Erly) were four of several other parties to a lawsuit. On December 14, 1995, they amended their pleadings to include a claim against appellees. Attorneys Larry Knippa and Joseph Kral represented ARI, Erly, and the Murphys.

After extensive discovery, they nonsuited appellees with prejudice. Appellees moved for and were granted $134,000 in sanctions against appellants under Tex.R.Civ.P. 13. Appellants were ordered to pay the money in cash within seven days. They paid in full, under protest.

### Good Cause

In the first point of error, appellants assert that the order granting sanctions failed to state "good cause" with sufficient particularity.

Rule 13 provides that "No sanctions under this rule may be imposed except for good cause, *the particulars of which must be stated in the sanction order.*" Tex.R.Civ.P. 13 (emphasis added). The sanction order in this case stated:

> The Court has reviewed the motion of Friendswood and King Ranch, the responses filed by the Murphys, ARI, and ERLY, and the reply to the responses filed by Friendswood and King Ranch, as well as the various documents and affidavits filed in support of these pleadings.

> Based upon the foregoing and, in particular the continued vexatious, groundless, and frivolous pleading practices of the Murphys, ARI, ERLY, and their counsel, the Court agrees with the rationale of and adopts by reference the motion for sanctions and the reply of Friendswood and King Ranch as the reasons justifying an award of sanctions in this case. It is accordingly **ORDERED** that the Motion for Sanctions of Friendswood and King Ranch is Hereby **GRANTED.**

Counsel have cited no cases on the issue of whether a judge may incorporate by reference a motion for sanctions in order to satisfy the good cause requirements of rule 13.

Rule 13 is clear: the particulars for good cause "must be stated in the sanction order." Tex.R.Civ.P. 13. Where a rule of procedure is clear, unambiguous, and specific, we construe the rule's language according to its literal meaning. *Friedman and Assoc., P.C. v. Beltline Road, Ltd.,* 861 S.W.2d 1, 3 (Tex.App.—Dallas 1993, writ dism. agr.).

One purpose of the rule 13 particularity requirement is to justify the imposition of the sanctions and to give some evidence the sanctions were carefully weighed and imposed "in an appropriate manner when justified by the circumstances." *Friedman*, 861 S.W.2d at 3 (*citing TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991), and *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex.1991)). The order here did not recite the particular reasons supporting good cause to issue the sanction and did not include findings of fact and conclusions of law supporting good cause.[1] It only incorporated by reference appellees' motion for sanctions and reply (totaling 61 pages). Accordingly, we hold that the sanction order does not comply with rule 13.

Appellees assert this error was waived because it was not pointed out to the sanctioning judge, Judge Carolyn Garcia, and because her successor, Judge Caroline Baker, was not allowed time to rule on appellants' verified motion pointing out this error. We disagree. Appellants filed the verified motion objecting to the sanctions on this ground on December 27, 1996. Judge Garcia's term of office did not end until January 1, 1997. The verified motion was overruled by operation of law. Tex.R.Civ.P. 329b(c). Thus, any error was preserved. Moreover, the error is harmful because it probably prevented appellant from properly presenting the case on appeal. Tex.R.App.P. 44.1(a)(2); *Zarsky v. Zurich Mgmt., Inc.*, 829 S.W.2d 398, 400 (Tex.App.—Houston [14th Dist.] 1992, no writ).

We sustain the first point of error.

### Remedy

Texas courts of appeal are in conflict as to the appropriate remedy for a sanction order that fails to satisfy rule 13 good cause particularity requirements. *See, e.g., Friedman*, 861 S.W.2d at 3 (reversed and rendered judgment that sanction order unenforceable); *Zarsky*, 829 S.W.2d at 400 (reversed and

remanded "for proceedings consistent with this opinion"); *Thomas v. Thomas*, 917 S.W.2d 425, 439 (Tex.App.—Waco 1996, no writ) (reversed and set aside); *Campos v. Ysleta Gen. Hosp.*, 879 S.W.2d 67, 71 (Tex. App.—El Paso 1994, writ denied) (appeal abated to allow trial court to file good cause particularities). In *Campos*, the appellate court ordered abatement for 30 days to allow the trial court to file good cause particularities. *Campos*, 879 S.W.2d at 71.

Abatement is not a practical remedy here, however, because Judge Garcia is no longer serving as a judge. Her successor, Judge Baker, did not hear or observe witnesses at the sanctions hearing. Thus, she is in no position to find any facts. Neither are we. Therefore, we cannot render the judgment the trial judge should have rendered. *See* Tex.R.App.P. 43.3. We conclude that the interests of justice require a remand for a new sanctions hearing. *Id.*

We reverse the sanction order and remand this cause for a new sanctions hearing.

---

1. *See Gorman v. Gorman*, No. 01–96–00364–CV, slip op. at 15 (Tex.App.—Houston [1st Dist.] Feb.26, 1998, n.w.h.) (findings of fact and conclusions of law can support Rule 13 sanction order); *contra Friedman*, 861 S.W.2d at 3 (findings of fact cannot support Rule 13 sanction order); *Campos v. Ysleta Gen. Hosp., Inc.*, 879 S.W.2d 67, 70–71 (Tex.App.—El Paso 1994, writ denied) (same).