### III FORKS REAL ESTATE, L.P., Appellant,

### v.

### Jill COHEN, Jill Cohen Revocable Living Trust, Advanced Micrographics Corporation, and Jeffrey Cohen, Appellees.

### No. 05–06–00246–CV.

Court of Appeals of Texas, Dallas.

June 12, 2007.

Rob L. Wiley, Stewart & Wiley LLP, The Woodlands, for Appellant.

Bryan K. Gallerson, Spigner & Gallerson, P.C., Plano, for Appellees.

Before Justices WHITTINGTON, MOSELEY, and LANG.

## OPINION

Opinion by Justice WHITTINGTON.

Appellant III Forks Real Estate, L.P. appeals a summary judgment in favor of appellees Jill Cohen, Jill Cohen Revocable

Living Trust, Advanced Micrographics Corporation, and Jeffrey Cohen. In three issues, III Forks asserts the trial judge erred in ruling its claims against appellees were barred by res judicata, the summary judgment evidence does not support the trial court's order, and fact issues exist regarding III Forks's claims against appellees. We affirm the trial court's summary judgment but reverse its award of sanctions against appellant.

## Background

In 2001, III Forks assumed from El Chico Restaurants, Inc. a lease agreement on property that El Chico had leased to CSH Restaurant Group, Inc. Prior to the assignment, appellee Jeffrey Cohen guaranteed the lease. The guaranty agreement included an arbitration clause. After CSH defaulted on the lease in January 2003, III Forks sued CSH and obtained a judgment against CSH in December 2003. III Forks then invoked the arbitration clause in the guaranty, seeking payment of the amounts due under the lease from all appellees.[1] III Forks alleged Jeffrey Cohen controlled all the appellees and that all had made material misrepresentations to El Chico in financial statements presented in connection with the guaranty.

All appellees except Jeffrey Cohen brought this suit for injunctive relief to enjoin III Forks from proceeding with the arbitration against them on the ground they were not parties to the guaranty agreement. III Forks filed a counterclaim against the plaintiffs below for concert of action and constructive trust claims. The trial judge entered a temporary restraining order and then a temporary injunction prohibiting III Forks from proceeding with the arbitration against Jill Cohen, Jill Cohen Revocable Living Trust, and Advanced Micrographics Corporation.

The arbitration proceeded against Jeffrey Cohen. III Forks amended its arbitration demand to delete the fraud claim. Thereafter, Jeffrey Cohen and III Forks entered into a consent award dated March 29, 2004, in which Jeffrey Cohen agreed to pay III Forks $473,404 plus attorneys' fees and certain other expenses. III Forks also pursued its counterclaim in this suit and initiated a third party action against Jeffrey Cohen. Appellees moved for summary judgment, alleging the arbitration award was res judicata to III Forks's claims against Jeffrey Cohen and that III Forks's claims against the remaining parties for concert of action and constructive trust should fail as a matter of law. Appellees also alleged III Forks's claims were brought in bad faith and for purposes of harassment, and sought sanctions. The trial judge granted appellees' motion for summary judgment and awarded sanctions against III Forks under rule 13 of the Texas Rules of Civil Procedure.

## Standard of Review

We review a summary judgment de novo to determine whether a party has established its right to summary judgment as a matter of law. *See Dallas Cent. Appraisal Dist. v. Cunningham,* 161 S.W.3d 293, 295 (Tex.App.-Dallas 2005, no pet.). A party moving for a traditional summary judgment must show no material fact issue exists and it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Cunningham,* 161 S.W.3d at 295.

We set aside a trial judge's imposition of rule 13 sanctions only upon a showing of a clear abuse of discretion. *New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 856 S.W.2d 194, 205 (Tex.App.-Dallas 1993, no writ). The trial judge's sanction order must state the

---

1. The demand for arbitration was against "Jill Cohen Trust I Partnership" rather than "Jill Cohen Revocable Living Trust," the party to this appeal. All other parties were the same.

particulars of any good cause found for imposing sanctions. *Friedman & Assocs., P.C. v. Beltline Rd., Ltd.,* 861 S.W.2d 1, 3 (Tex.App.-Dallas 1993, writ dism'd by agr.). To support a reversal of the trial judge's actions, the judge's imposition of or refusal to impose sanctions must amount to such a denial of an appellant's rights as was reasonably calculated to cause, and probably did cause, rendition of an improper judgment. *New York Underwriters,* 856 S.W.2d at 205.

## Concert of Action and Constructive Trust

■ Jill Cohen, the Trust, and the Corporation sought summary judgment on the merits of III Forks's claims against them for concert of action and constructive trust. The trial judge's order granting summary judgment provides, "The Court ... finds there are no genuine issues of material fact concerning the non-viability of all of Defendant's claims and causes of action brought against Plaintiffs and Third–Party Defendant in this cause," and states that "Plaintiffs and Third–Party Defendant are entitled [to] summary judgment against Defendant as a matter of law." We conclude summary judgment on these grounds was proper.

III Forks's claims against Jill Cohen, the Trust, and the Corporation are not based on misrepresentations by these parties made directly to III Forks. Instead, III Forks claims Jill Cohen, the Trust, and the Corporation are liable for Jeffrey Cohen's fraud because he was their agent. In support of its agency argument, III Forks relies solely on summary judgment evidence it claims shows Jeffrey Cohen committed fraudulent acts acting as Jill Cohen's agent. We address this argument first before turning to the merits of the claims.

■ A principal is liable for the fraudulent acts and misrepresentations of its authorized agent, even though the principal had no knowledge of the fraud and did not consent to it, whether or not the principal derives a benefit from it. *Carr v. Hunt,* 651 S.W.2d 875, 879 (Tex.App.-Dallas 1983, writ ref'd n.r.e.). III Forks argues the summary judgment evidence shows "Jill Cohen, as principal, bears liability for [Jeffrey Cohen's] misrepresentation." In determining whether a principal is vicariously responsible for the conduct of an agent, the key question is whether the principal has the right to control the agent with respect to the details of that conduct. *See State Farm Mut. Auto. Ins. Co. v. Traver,* 980 S.W.2d 625, 627 (Tex. 1998) (where insurance company hired independent counsel to represent insured and did not have right to control attorney's actions in conducting defense, insurer was not vicariously liable for counsel's conduct); *see also Ross v. Tex. One P'ship,* 796 S.W.2d 206, 210 (Tex.App.-Dallas 1990), *writ denied per curiam,* 806 S.W.2d 222 (Tex.1991) (proof of agency requires showing that alleged principal has right to assign agent's task and right to control means and details of process to be used to accomplish task.). There is no presumption that one spouse is the agent of the other. *See Patel v. Kuciemba,* 82 S.W.3d 589, 595 (Tex.App.-Corpus Christi 2002, pet. denied).

■ To establish its claim of agency, III Forks relies on the following testimony of Jill Cohen:

Q: All right, he [her husband Jeffrey Cohen] is the manager of-of the finances of your marital estate?

A: Yes, sir.

Q: Ok. He makes determinations and you concede to him the authority to make determinations of your—the—the marital estate and the assets of the marital estate? ...

A: Yes, sir.

If the facts are uncontroverted or otherwise established, the existence of an agency relationship is a pure question of law. *Ross,* 796 S.W.2d at 210. Instead of establishing Jill Cohen's right as principal to control the actions of Jeffrey Cohen as her agent, this evidence tends to prove the opposite, that Jeffrey Cohen was in control. Indeed, III Forks argues later in its brief that "the summary judgment evidence permits the inference that Jeffrey Cohen, *acting as principal* for Jill Cohen, committed fraudulent acts...." (Emphasis supplied). We reject III Forks's contention that appellees are liable for Jeffrey Cohen's fraud under an agency theory.

III Forks is asserting a claim for "concert of action" against appellees. The supreme court has noted "whether such a theory of liability is recognized in Texas is an open question." *Juhl v. Airington,* 936 S.W.2d 640, 643 (Tex.1996). In *Juhl,* the court set out two descriptions of the theory, one by Prosser and Keeton and the other in the Restatement (Second of Torts). *Juhl,* 936 S.W.2d at 643. Prosser and Keeton describe the concert of action theory as follows:

> All those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt the wrongdoer's acts done for their benefit, are equally liable.

*Juhl,* 936 S.W.2d at 643 (quoting W. PAGE KEETON, ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 46, at 323 (5th ed.1984)). The Restatement imposes "liability on a person for the conduct of another which causes harm," *Juhl,* 936 S.W.2d at 643, if the defendant:

> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
> (b) knows that the other's conduct constitutes a breach of duty and gives sub-

stantial assistance or encouragement to the other so to conduct himself, or

> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

*Juhl,* 936 S.W.2d at 643 (quoting RESTATEMENT (SECOND) OF TORTS § 876 (1977)).

■ The *Juhl* court stated, "if we were to adopt § 876(a) we would require allegations of specific intent, or perhaps at least gross negligence, to state a cause of action." *Juhl,* 936 S.W.2d at 644. Specific intent requires an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means; neither proof of negligence nor proof of intent to engage in the conduct that resulted in the injury is enough. *See Juhl,* 936 S.W.2d at 644. Here, III Forks alleges the basis for appellees' liability is Jill Cohen's conferring upon her husband the authority to act for the marital estate. There is no allegation or evidence that she agreed with her husband to defraud III Forks or its predecessor or agreed to accomplish the lease and guaranty transaction by providing false information. Without allegations of specific intent or gross negligence, liability would not be imposed under subsection (a).

The court further noted subsection (b) of section 876 requires "substantial assistance" and knowledge that the tortfeasor's conduct constitutes a breach of duty. *Juhl,* 936 S.W.2d at 644. Therefore, under subsection (b), unlawful intent is required, "i.e., knowledge that the other party is breaching a duty and the intent to assist that party's actions." *Juhl,* 936 S.W.2d at 644 (quoting *Payton v. Abbott Labs,* 512 F.Supp. 1031, 1035 (D.Mass.1981)). The *Juhl* court also noted that the comments to the Restatement listed five factors to consider in determining whether "substantial

assistance" had been provided: (1) the nature of the wrongful act; (2) the kind and amount of the assistance; (3) the relation of the defendant and the actor; (4) the presence or absence of the defendant at the occurrence of the wrongful act; and (5) the defendant's state of mind. *Juhl*, 936 S.W.2d at 644 (citing RESTATEMENT (SECOND) OF TORTS § 876 cmt. d).

The wrongful act alleged is Jeffrey Cohen's misrepresentation of his assets in the financial statement he provided to III Forks's predecessor. The purpose of the concert of action theory "is to deter antisocial or dangerous behavior." *Juhl*, 936 S.W.2d at 644. As noted by the *Juhl* court, concert of action cases have involved behavior such as drag racing, group assault, reckless driving, and assisting a driver in becoming intoxicated. *See Juhl*, 936 S.W.2d at 644–45 (collecting cases); *see also Shinn v. Allen*, 984 S.W.2d 308, 311 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (driving while intoxicated is antisocial and dangerous behavior likely to cause serious injury or death). The *Juhl* court held the defendants' participation in a protest "was simply not the type of highly dangerous, deviant, or anti-social group activity which was likely to cause injury or death to a person or certain harm to a large number of people." *Juhl*, 936 S.W.2d at 645. Similarly, Jeffrey Cohen's misrepresentation of his assets is not the type of activity addressed in the concert of action cases noted in *Juhl*.

The amount and kind of assistance, the presence or absence of the defendant at the occurrence of the wrongful act, and the defendant's state of mind all weigh against liability as well. The summary judgment evidence showed Jill Cohen had not seen the financial statement until the injunction hearing and was not involved in the negotiations surrounding the lease and guaranty. The assistance alleged by III Forks is Jill Cohen's authorizing her husband to act on behalf of the marital estate, not assisting in preparation or furnishing of the financial statement or participating in the transaction. The *Juhl* court, however, would require "knowledge that the other party is breaching a duty and the intent to assist that party's actions." *Juhl*, 936 S.W.2d at 644.

While "the relation of the defendant[s] and the actor" was established, this is only one of five factors that can be relevant to whether Jill Cohen, the Trust, and the Corporation substantially assisted Jeffrey Cohen. *See Shinn*, 984 S.W.2d at 312 (defendant's state of mind "merely one of five factors that can be relevant" to substantial assistance). The *Juhl* and *Shinn* courts both noted one party's right to control the other is important in consideration of this factor. *See Juhl*, 936 S.W.2d at 645 ("[n]one of the defendants, after all, had a right to control any of the others"); *Shinn*, 984 S.W.2d at 311 (no special relationship that would place one party in position of control over other). As noted in our discussion of agency, the control alleged by III Forks is Jeffrey Cohen's control of the other appellees, not their right to control his actions.

In sum, even if we recognized a concert of action theory of liability here, the trial court's summary judgment was proper. The tortious act alleged by III Forks is fraud; III Forks alleges Jeffrey Cohen provided a false financial statement in connection with the guaranty. III Forks presented no summary judgment evidence of any agreement or common design among the appellees in connection with the financial statement or the guaranty. The summary judgment evidence reflects that Jill Cohen had not seen the financial statement prior to the temporary injunction hearing in this case. She testified she had never had any conversations with anyone at III Forks, never made any misrepresentations

to anyone at III Forks, and was not involved in the negotiations surrounding the guaranty. III Forks does not contend Jill Cohen knew Jeffrey Cohen was providing a financial statement in connection with the guaranty or knew of any misrepresentations made but only contends Jeffrey Cohen was Jill Cohen's agent, and therefore, his actions may suffice to establish concert of action on the part of the other appellees. In light of the court's comments in *Juhl* regarding the knowledge and intent required and the type of harm to be addressed by the concert of action theory, we agree with the trial judge there is no genuine issue of material fact regarding III Forks's alleged concert of action claims against appellees. *See Juhl*, 936 S.W.2d at 644–45.

We likewise conclude there is no genuine issue of material fact regarding III Forks's claims to impose a constructive trust on the property of Jill Cohen, the Trust, and the Corporation. A constructive trust is an equitable remedy created by the courts to prevent unjust enrichment. *Troxel v. Bishop*, 201 S.W.3d 290, 297 (Tex.App.-Dallas 2006, no pet.). To obtain a constructive trust, the proponent must prove: (1) breach of a special trust, fiduciary relationship, or actual fraud; (2) unjust enrichment of the wrongdoer; and (3) tracing to an identifiable res. *Troxel*, 201 S.W.3d at 297. Whether a constructive trust should be imposed at all is within the discretion of the trial judge. *Troxel*, 201 S.W.3d at 297. Again, III Forks relies on its agency theory to argue Jill Cohen, the Trust, and the Corporation are vicariously liable for Jeffrey Cohen's fraud, so that a constructive trust should be imposed on their property. We have rejected III Forks's agency arguments, and we overrule III Forks's third issue.

In its second issue, III Forks argues the affidavits of Jeffrey Cohen and Jill Cohen do not meet the exacting standards for affidavits by interested witnesses to support summary judgment. III Forks argues Jeffrey Cohen's affidavit testimony that he never provided the financial statement to El Chico contradicts the guaranty agreement's requirement that a financial statement must be furnished by the guarantor to the landlord. Further, III Forks argues both affidavits denied fraud without further explanation. Assuming Jeffrey Cohen did provide the financial statement, however, III Forks's claims against him arising out of that act are barred by res judicata, as III Forks concedes. And, as noted above, even if Jill Cohen's denial of fraud in her affidavit is insufficient, the record contains more than the denial. In both her affidavit and in the transcript of her testimony at the temporary injunction hearing in this case, she testified she was unaware of the financial statement until the hearing and was not involved in the negotiations surrounding the guaranty. A transcript of the testimony was submitted by III Forks to support its summary judgment response and is part of the summary judgment record. We overrule III Forks's second issue.

### Res Judicata and Sanctions

We agree with the trial judge that III Forks's claims against Jeffrey Cohen were barred by res judicata, and III Forks does not challenge the trial judge's ruling on this issue. The trial judge's sanctions order, however, is premised on a finding that III Forks should have raised its claims against the other appellees in the arbitration. Therefore we review whether sanctions were appropriate on the ground that III Forks's claims against appellees in this action were barred by res judicata.

III Forks was aware of the facts underlying its fraud claim at the time it made its demand for arbitration. In its demand, III Forks alleged Jeffrey Cohen made ma-

terial misrepresentations in financial statements given to El Chico, III Forks's predecessor in interest, in connection with Jeffrey Cohen's guaranty of the lease. III Forks further alleged El Chico relied on those statements to its detriment. When Jill Cohen, the Trust, and the Corporation sought to enjoin III Forks from proceeding against them in the arbitration, III Forks opposed the requests because of the fraud it alleged on the part of Jeffrey Cohen.

 Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). It requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996). III Forks's fraud claims against Jeffrey Cohen were closely related to Jeffrey Cohen's execution of and performance under the guaranty. In the arbitration, III Forks sought relief "under the terms of the Lease and Guaranty Agreement." The fraud claims were known and arbitrable. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 755 (Tex.2001) (whether sellers made misrepresentations in inducement of underlying contract relates to contract's validity and can be arbitrated). The claims could have been raised in the arbitration and are therefore barred by res judicata. *See Barr*, 837 S.W.2d at 628.

 Nevertheless, Jill Cohen, the Trust, and the Corporation did not move for summary judgment on res judicata grounds. They did not did not assert they were parties to the arbitration or in privity with Jeffrey Cohen so as to bar III Forks's claims against them in this cause. Summary judgment for these appellees on res judicata grounds would not have been proper. Accordingly, we do not agree with the trial judge that sanctions were proper.

The summary judgment order containing the sanctions against appellant states:

> The Court further finds that Defendant's claims and causes of action brought against Plaintiffs and Third–Party Defendant in this cause are groundless and/or were brought in bad faith for the purposes of harassing Plaintiffs and Third–Party Defendant in violation of Rule 13 of the Texas Rules of Civil Procedure, as such claims and causes of action were, or should have been, fully litigated in a prior arbitration proceeding between the parties.

The basis for the trial judge's sanctions order was that III Forks's claims against all appellees should have been litigated in the arbitration. However, the res judicata defense, as noted above, pertained only to III Forks's claims against Jeffrey Cohen. The fact that III Forks's claims against one party were subject to the affirmative defense of res judicata does not render them groundless or brought in bad faith, especially against the parties to whom the res judicata defense did not apply. Moreover, the trial judge enjoined III Forks from pursuing its claims against Jill Cohen, the Trust, and the Corporation in the arbitration proceedings. The trial judge's sanction order states no other particulars of any good cause found for imposing sanctions. *See Friedman & Assocs., P.C.*, 861 S.W.2d at 3 (trial court's sanction order must state particulars of any good cause found for imposing sanctions). We agree with III Forks that the trial judge abused his discretion in awarding sanctions.

We set aside the portion of the trial court's final summary judgment order awarding appellees the sum of $4485 as sanctions pursuant to rule 13. We affirm the trial court's judgment in all other respects.