COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-07-295-CV

 

 

IN RE
KENDALL W. HILL[1]                                                         RELATOR

 

                                                    

 

                                              ------------

 

                                    ORIGINAL PROCEEDING

 

                                              ------------

 

                                MEMORANDUM OPINION[2]

 

                                              ------------

 








Relator Kendall W. Hill seeks mandamus relief
from a Rule 13 sanctions order entered against him by the Honorable Melton Cude
requiring payment of $2,520 to opposing counsel within sixty days of the date
of the order. Generally, when a trial court imposes monetary sanctions on a party,
that party has an adequate remedy by appeal. 
See Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40
(Tex. 1986); see also Tex. R.
Civ. P. 215.  Here, however, HillCwhose
firm previously represented Christina Harwell in the underlying post-divorce
conservatorship suit giving rise to the sanctions orderCis not a
party to that lawsuit.  He therefore
cannot bring an appeal to complain about the imposition of sanctions.  See Cont=l Cas.
Co. v. Huizar, 740 S.W.2d 429, 430 (Tex. 1987); City of
Houston v. Chambers, 899 S.W.2d 306, 308 (Tex. App.CHouston
[14th Dist.] 1995, orig. proceeding). 
Accordingly, because Hill has no adequate remedy by appeal, mandamus
review is appropriate. 








In the second issue asserted in his petition for
writ of mandamus, Hill claims that the sanctions order is unenforceable because
it does not comply with the requisites of Rule 13.  Texas Rule of Civil Procedure 13 states that A[c]ourts
shall presume that pleadings, motions, and other papers are filed in good
faith.  No sanctions under this rule
may be imposed except for good cause, the particulars of which must be stated
in the sanction order. . . .@  Tex.
R. Civ. P. 13 (emphasis added). 
The italicized language requires that the particulars establishing good
cause for the sanction must be recited in the sanctions order; general
recitations that a pleading was filed for purposes of harassment, delay, or in
bad faith do not satisfy Rule 13=s
particularity requirement.  See, e.g.,
Tarrant County v. Chancey, 942 S.W.2d 151, 155 (Tex. App.CFort
Worth 1997, no writ) (holding Rule 13 sanctions order unenforceable
because it did not state particulars of good cause supporting sanctions); see
also III Forks Real Estate, L.P. v. Cohen, 228 S.W.3d 810, 818 (Tex. App.CDallas
2007, no pet.) (same); Rudisell v. Paquette, 89 S.W.3d 233, 237 (Tex.
App.CCorpus
Christi 2002, no pet.) (same); Friedman & Assocs., P.C. v. Beltline Rd.,
Ltd., 861 S.W.2d 1, 3 (Tex. App.CDallas
1993, writ dism=d by agr.) (same). 

The sanctions order signed by Judge Cude here
simply recites,

The Court, upon taking
judicial notice of the Court=s file and hearing and considering the arguments
of counsel, finds the Motion to Dismiss for Lack of Standing filed by the Law
Office of Kendall W. Hill on behalf of CHRISTINA HARWELL is found to be
groundless and brought in bad faith, and therefore good cause exists for the
imposition of sanctions pursuant to Texas Rule of Civil Procedure 13.

 








The trial court did not make any findings of fact or conclusions of
law.  The Rule 13 sanctions order here
does not comport with Rule 13>s
particularity requirements; consequently, it is unenforceable, and its entry
constituted an abuse of discretion as without reference to the guiding
principles of Rule 13.  See, e.g.,
Chancey, 942 S.W.2d at 155; see also III Forks Real Estate, L.P.,  228 S.W.3d at 818 ; Rudisell, 89
S.W.3d at 237; Friedman & Assocs., P.C., 861 S.W.2d at 3.

In the third issue asserted in his mandamus
petition, Hill points out that  he did
not sign the Motion to Dismiss for Lack of Standing, which the trial court
found to trigger Rule 13 sanctions; rather, an associate at Hill=s firm
signed it.  Texas Rule of Civil Procedure
13 states,

The signatures of attorneys or parties constitute a certificate by
them that they have read the pleading, motion, or other paper; that to the best
of their knowledge, information, and belief formed after reasonable inquiry the
instrument is not groundless and brought in bad faith or groundless and brought
for the purpose of harassment. . . .  If
a pleading, motion[,] or other paper is signed in violation of this rule, the
court, upon motion or upon its own initiative, after notice and hearing, shall
impose an appropriate sanction . . . upon the person who signed it, a
represented party, or both.

 

Tex. R. Civ. P. 13 (emphasis
added).  By the express terms of Rule 13,
Rule 13 sanctions may be imposed only upon the attorney who signed the Apleading,
motion, or other paper,@ or upon a represented party, or
both.  Id.  Because Hill did not sign the motion that the
trial court determined as triggering Rule 13 sanctions, such sanctions cannot
be assessed against him.  See Tex. R. Civ. P. 13; Metzger v. Sebek,
892 S.W.2d 20, 52 (Tex. App.CHouston
[1st Dist.] 1994, writ denied), cert. denied, 516 U.S. 868 (1995).








We sustain the second and third issues presented
in Hill=s
petition for writ of mandamus.[3]  We conditionally grant the writ of
mandamus.  The trial court is ordered to
vacate the portion of its August 6, 2007 order sanctioning Hill.  We are confident that the trial court will
comply with this opinion within the next thirty days.  The writ will issue only if the trial court
fails to comply.

 

 

 

SUE
WALKER

JUSTICE

 

PANEL A:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

DELIVERED: October 3,
2007











[1]The petition for writ of
mandamus showed the style of this original proceeding as In re Christina
Harwell, Relator.  Kendall W. Hill=s firm represented
Harwell in the underlying post-divorce conservatorship suit in which the trial
court assessed sanctions against Hill. 
Because Hill=s firm no longer
represents Harwell, Hill and the clerk of the court agreed that the style of
this original proceeding should be changed to reflect that he is the relator.





[2]See Tex. R. App. P. 47.4.





[3]Because Hill=s second and third issues
are dispositive, we need not address Hill=s first issue. 
See In re Family Hospice, Ltd., 62 S.W.3d 313, 317 n.1
(Tex. App.CEl Paso 2001, orig.
proceeding) (conditionally granting petition for writ of mandamus after
addressing only first of two issues); see also Tex. R. App. P. 52.8(d) (stating that Texas Rule of Appellate
Procedure 47.1 is applicable to an opinion handed down in a mandamus
proceeding).