In re Clarendon Insurance Company

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-295-CV

IN RE KENDALL W. HILL
(footnote: 1) RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 2)

------------

Relator Kendall W. Hill seeks mandamus relief from a Rule 13 sanctions order entered against him by 
the Honorable Melton Cude requiring payment of $2,520 to opposing counsel within sixty days of the date of the order.
 
Generally, when a trial court imposes monetary sanctions on a 
party
, that party has an adequate remedy by appeal.  
See Street v. Second Court of Appeals
, 715 S.W.2d 638, 639-40 (Tex. 1986); 
see also 
Tex. R. Civ. P.
 215.  Here, however, Hill—whose firm previously represented Christina Harwell in the underlying post-divorce conservatorship suit giving rise to the sanctions order—is not a party to that lawsuit.  He therefore cannot bring an appeal to complain about the imposition of sanctions.  
See Cont’l Cas. Co. v. Huizar
, 740 S.W.2d 429, 430 (Tex. 1987); 
City of Houston v. Chambers
, 899 S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).  Accordingly, because Hill has no adequate remedy by appeal, mandamus review is appropriate. 

In the second issue asserted in his petition for writ of mandamus, Hill claims that the sanctions order is unenforceable because it does not comply with the requisites of Rule 13.  
Texas Rule of Civil Procedure 13 
states that “[c]ourts shall presume that pleadings, motions, and other papers are filed in good faith.  
No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. 
. . .”  
Tex. R. Civ. P.
 13 (emphasis added).  The italicized language requires that the particulars establishing good cause for the sanction must be recited in the sanctions order; general recitations that a pleading was filed for purposes of harassment, delay, or in bad faith do not satisfy Rule 13’
s particularity requirement.  
See, e.g., Tarrant County v. Chancey
, 942 S.W.2d 151, 155 (Tex. App.—Fort Worth 1997, no writ)
 
(holding Rule 13 sanctions order unenforceable because it did not state particulars of good cause supporting sanctions); 
see also
 III Forks Real Estate, L.P. v. Cohen
, 228 S.W.3d 810, 818 
(Tex. App.—Dallas 2007, no pet.) (same)
; 
Rudisell v. Paquette
, 89 S.W.3d 233, 237 (Tex. App.—Corpus Christi 2002, no pet.) (same);
 
Friedman & Assocs., P.C. v. Beltline Rd., Ltd.
, 861 S.W.2d 1, 3 (Tex. App.—Dallas 1993, writ dism’d by agr.) (same). 

The sanctions order signed by Judge Cude here simply recites,

The Court, upon taking judicial notice of the Court’s file and hearing and considering the arguments of counsel, finds the Motion to Dismiss for Lack of Standing filed by the Law Office of Kendall W. Hill on behalf of CHRISTINA HARWELL is found to be groundless and brought in bad faith, and therefore good cause exists for the imposition of sanctions pursuant to Texas Rule of Civil Procedure 13.

The trial court did not make any findings of fact or conclusions of law.  The Rule 13 sanctions order here does not comport with Rule 13‘
s particularity requirements; consequently, it is unenforceable, and its entry constituted an abuse of discretion as without reference to the guiding principles of Rule 13.  
See, e.g., Chancey
, 942 S.W.2d at 155; 
see also III Forks Real Estate, L.P.
,  228 S.W.3d at 818 
; 
Rudisell
, 89 S.W.3d at 237; 
Friedman & Assocs., P.C.
, 861 S.W.2d at 3.

In the third issue asserted in his mandamus petition, Hill points out that  he did not sign the Motion to Dismiss for Lack of Standing, which the trial court found to trigger Rule 13 sanctions; rather, an associate at Hill’s firm signed it.  Texas Rule of Civil Procedure 13 
states,

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . .  If a pleading, motion[,] or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction . . . 
upon the person who signed it
, a represented party, or both.

Tex. R. Civ. P. 13 
(emphasis added).  By the express terms of Rule 13, Rule 13 sanctions may be imposed only upon the attorney who signed the “pleading, motion, or other paper,” or upon a represented party, or both.  
Id.
  Because Hill did not sign the motion that the trial court determined as triggering Rule 13 sanctions, such sanctions cannot be assessed against him.  
See
 
Tex. R. Civ. P. 13; 
Metzger v. Sebek
, 892 S.W.2d 20, 52 (Tex. App.—Houston [1st Dist.] 1994, writ denied), 
cert. denied
, 516 U.S. 868 (1995).

We sustain the second and third issues presented in Hill’s petition for writ of mandamus.
(footnote: 3)  We
 
conditionally grant the writ of mandamus.  The trial court is ordered to vacate the portion of its August 6, 2007 order sanctioning Hill.  We are confident that the trial court will comply with this opinion within the next thirty days.  The writ will issue only if the trial court fails to comply.

SUE WALKER

JUSTICE

PANEL A:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED: October 3, 2007

FOOTNOTES
1:
The petition for writ of mandamus showed the style of this original proceeding as 
In re Christina Harwell, Relator
.  Kendall W. Hill’s firm represented Harwell in the underlying post-divorce conservatorship suit in which the trial court assessed sanctions against Hill.  Because Hill’s firm no longer represents Harwell, Hill and the clerk of the court agreed that the style of this original proceeding should be changed to reflect that he is the relator.

2:
See
 
Tex. R. App. P
. 47.4.

3:
Because Hill’s second and third issues are dispositive, we need not address Hill’s first issue.  
See In re Family Hospice
,
 Ltd.
, 62 S.W.3d 313, 317 n.1 (Tex. App.—El Paso 2001, orig. proceeding) (conditionally granting petition for writ of mandamus after addressing only first of two issues); 
see also
 
Tex. R. App. P.
 52.8(d) (stating that Texas Rule of Appellate Procedure 47.1 is applicable to an opinion handed down in a mandamus proceeding).