**Reversed and Remanded and Memorandum Opinion filed November 8, 2011.**



**In The**

# Fourteenth Court of Appeals

————————————

## NO. 14-10-00864-CV

————————————

### LETICIA B. LOYA, Appellant

### V.

### MIGUEL ANGEL LOYA, Appellee

**On Appeal from the 257th Judicial District
Harris County, Texas
Trial Court Cause No. 2008-24514**

## MEMORANDUM OPINION

Appellant, Leticia B. Loya ("Leticia") appeals the imposition of sanctions against her by the trial court.   We reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

Leticia married Miguel Angel Loya ("Miguel") in 1980.   The parties filed for divorce in 2008.

Miguel and Leticia agreed to binding arbitration[1] to segregate the marriage partners' separate and community property. The arbitration concluded on June 13, 2010, the substance of which was integrated into a document named "Agreement Incident to Divorce" ("Agreement"). Leticia was in attendance at this arbitration, but Miguel cnhose not to attend and was represented through his counsel.

The Agreement states that it is "intended to implement the provisions of, a Mediated Settlement Agreement (on property issues) dated June 13, 2010 …." ("MSA"). The Agreement awards all jewelry "in Miguel Angel Loya's possession, custody or control" to him. The Agreement also states that the document is the "parties' final integrated settlement agreement as to the property matters" and the parties intended it to be the "final disposition" with regard to property distribution. The parties also agreed that the "Agreement is enforceable as a contract."

The trial court noted on the record that Leticia proved up the MSA and requested that the court enter the Agreement as part of a judgment of divorce. The trial court granted the divorce on the basis of the MSA on June 22, 2010.

On July 22, 2010, Leticia filed a motion to "Modify, Correct, or Reform the Judgment" ("Motion to Modify"). In the Motion to Modify, Leticia asserts that Miguel failed to include jewelry valued at approximately $400,000 (the "Jewelry") on his "Sworn Inventory and Appraisement" despite his promise to include all jewelry in his possession.[2] As a result, Leticia argued that the final divorce decree should be modified by the trial court to state that the Jewelry was not included in the division granting Miguel all jewelry in his "possession, custody, or control."

---

[1] The parties refer to both a mediation and arbitration. We are unable to tell from the record whether a mediation and an arbitration occurred, or whether these terms are being used to refer to the same proceedings in the presence of an arbitrator. The issue is not relevant to the disposition of the case, so we shall refer to the proceedings as an arbitration, except when directly quoting the record or a brief.

[2] Estimates of the value of the Jewelry range from $375,000 to $400,000. The parties agree that the disputed items are women's jewelry. The appellate record does not include any inventory or appraisal.

Miguel responded that the Agreement already gave him the Jewelry and the issue should not be revisited. Miguel also petitioned the trial court to impose sanctions on Leticia under both the Texas Civil Practice and Remedies Code Section 10.004 and the Texas Rule of Civil Procedure 13. Tex. Civ. Prac. & Rem. Code Ann. § 10.004 (West 2002); Tex. R. Civ. P. 13. Miguel alleged Leticia's Motion to Modify "is not only groundless, and harassing, but utterly meritless."

On September 1, 2010, the trial court conducted a hearing on the Motion to Modify the judgment and Miguel's Motion for Sanctions. Leticia contended that the failure to divide the Jewelry was a mutual mistake that should be corrected. Miguel argued the Jewelry had already been awarded to him as part of the Agreement and no modification was warranted.

The trial court denied the Motion to Modify. In addition, the trial court allowed Miguel's attorney to testify about the effort and expenses necessary to defend against the Motion to Modify. Based upon that testimony, the trial court awarded Miguel $9,950 for attorney's fees necessary to defend the Motion to Modify.

The trial court's order for sanctions did not explain the behavior being sanctioned. Instead, it stated:

> The Court . . . finds that Miguel Angel Loya's Motion in Opposition, to Strike, and Motion for Sanctions should be GRANTED ….
>
> ….
>
> It is, therefore, further ORDERED, ADJUDGED and DECREED that Miguel Angel Loya shall have and recover JUDGMENT against Leticia B. Loya as a sanction pursuant to the provisions of Texas Civil Practice and Remedies Code Section 10.004 and Texas Rule of Civil Procedure 13 in the amount of $9,950.00 ….

The trial court did not issue findings of fact. Instead, the trial court stated the following on the record:

3

[I]n an abundance of caution and to keep that from being an issue that goes up to some future court, I am ruling the way that I have ruled on the merits. The Court noting that on Page 9 of the attachment to the decree, the husband is awarded all jewelry in possession under H1, Page 15 of that attachment under W3, the wife is not only awarded all jewelry in her possession but, specifically, whoever drafted the decree carved out anything that was . . . in Mr. Loya's possession out of what was being awarded to her. The Court notes that she is the one who came in and proved up the Mediated Settlement Agreement and requested that the Court set the case for entry.

The Court notes that the mediation, the final mediation was done at the request of lawyers, at least one lawyer for each side, specifically Mr. Tindall and Mr. Wilhite who did not specifically ask me to order them to go to mediation to Alvin Zimmerman, but did represent to the Court that some additional mediation may be appropriate at that time, that the Court did not refuse to try the case if the parties didn't go to mediation, the Court stood ready, and I think all parties would have to admit that the Court was ready to try the case at that time, and that Mrs. Loya had six representatives with her at mediation at which time the issues of the division of assets were determined.

On September 3, 2010, the trial court conducted another hearing to enter the denial of the Motion to Modify and the award of attorney's fees. At that time, Leticia objected to the award of attorney's fees, stating that: (1) there was no evidence, or insufficient evidence, that the award should be granted; (2) the order failed to comply with the specificity required by the Texas Rules of Civil Procedure; (3) the trial court did not make specific findings for the award; and, (4) the trial court did not reference the rule(s) that were the basis of the decision.

Leticia did not appeal the award of the Jewelry to Miguel. Her appeal challenges only the award of $9,950 of attorney's fees to Miguel.

## DISCUSSION

Leticia argues on appeal that: (1) she preserved all error; (2) there is no evidence Leticia's actions met the statutory standards for sanctionable behavior; and, (3) the trial court failed to properly specify the reasons for sanctions, making the sanctions

4

unenforceable. Because we find that Leticia preserved error and that the trial court failed to properly specify the reasons for imposing sanctions, we will not address the merits of whether Leticia's actions met the statutory standards for sanctionable behavior.

## I.     Standard of Review

We review a trial court's ruling on a motion for sanctions under an abuse of discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without reference to any guiding rules and principles.'" *Id.* at 838–39 (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985)). Therefore, we will reverse the trial court's ruling only if it was arbitrary or unreasonable. *Cire*, 134 S.W.3d at 839. In reviewing the imposition of sanctions, the appellate court examines the entire record, including "evidence" admitted at the hearing, arguments of counsel, the written discovery on file, and the circumstances surrounding the party's alleged abuses. *U.S. Fidelity & Guar. Co. v. Rossa*, 830 S.W.2d 668, 672 (Tex.App.—Waco 1992, writ denied).

Texas Civil Practice and Remedies Code section 10.004 allows sanctions if a motion or pleading signed by a person: (1) is presented for an "improper purpose," including harassment or to unnecessarily delay or increase the expense of litigation; (2) contains a legal contention that was not warranted by existing law or non-frivolous argument for modification, extension or reversal of current law; (3) contains factual contentions that are not supported by evidence, or is unlikely to have evidentiary support after discovery; or (4) contains denials not warranted by the evidence. Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001, 10.004.

Texas Rule of Civil Procedure 13 allows a trial court to impose sanctions against attorneys or parties who make "statements in pleading which they know to be groundless" or "brought in bad faith or groundless and brought for the purpose of harassment." Tex. R. Civ. P. 13. "Groundless" is defined as having "no basis in law or fact and not

warranted by good faith argument for the extension, modification or reversal of existing law." *Id.*

A trial court must provide reasons for imposing sanctions. *Id.*; Tex. Civ. Prac. & Rem. Code Ann. § 10.005.

## II. Did Leticia Waive Her Objections to Sanctions Under Texas Civil Practice and Remedies Code Section 10.004?

Miguel contends that Leticia failed to specifically object to imposition of sanctions under section 10.004. *See* Tex. Civ. Prac. & Rem. Code § 10.004. As a result, he argues that Leticia waived all objections to those sanctions. *See* Tex. R. App. P. 33.1(a) (party must object "with sufficient specificity to make the trial court aware of the complaint …."). For support of his argument, Miguel cites two cases which held that when a party failed to make any objection to sanctions, the issue was waived. *See Appleton v. Appleton*, 76 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (finding sanctioned party "voiced no objection" to the sanctions, so the issue was waived on appeal); *Alexander v. Alexander*, 956 S.W.2d 712, 714–15 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (holding failure to object to the sanction order led to waiver of the issue).

We determine Leticia objected with sufficient specificity to make the trial court aware of the complaint. *See* Tex. R. App. P. 33.1(a). Among other complaints, Leticia objected on the grounds that there was no evidence the sanctions were warranted and that the trial court failed to specify the reasons for imposing sanctions. To receive sanctions, the requesting party must show that the motion was presented for an improper purpose, including harassment, delay, or improper increase of attorney's fees. Tex. Civ. Prac. & Rem. Code Ann. § 10.001. Thus, we conclude Leticia did not waive her rights to appeal the sanctions granted under Section 10.001. *Id.* at § 10.001.

6

**III. Was Leticia's Claim Sanctionable?**

Since the resolution of this issue is unnecessary to the resolution of this appeal, we will assume without deciding that Leticia's claim was sanctionable in accordance with rule 13 and section 10.004. *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code § 10.004.

**IV. Did the Trial Court Abuse Its Discretion by Failing to Give Sufficient Reason for Imposing Sanctions?**

Under Texas Civil Procedure Rule 13, a trial court must explain the particular reasons for the sanctions in the order. Tex. R. Civ. P. 13. When imposing sanctions under the Texas Civil Practice and Remedies Code Section 10, the trial court "shall describe . . . the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed." Tex. Civ. Prac. & Rem. Code § 10.005. If the sanctionable conduct is not clearly described in the order, the sanctions are unenforceable. *See Friedman & Assocs., P.C. v. Beltline Rd., Ltd.*, 861 S.W.2d 1, 3 (Tex. App.—Dallas 1993, writ dism'd by agr.) (finding the failure to specifically list the reasons for sanctions prevented enforcement of the sanctions); *Overman v. Baker*, 26 S.W.3d 506, 511–12 (Tex. App.—Tyler 2000, no pet.) (finding failure to give specific reasons for the sanctions in the sanction order is an abuse of discretion, making the sanctions unenforceable). Some courts have concluded that failure to state the particular reasons for sanctions is harmless error if the reasons are included in the court's findings of fact or conclusions of law. *See Gaspard v. Beadle*, 36 S.W.3d 229, 239 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (ruling specific findings of fact regarding sanctions allowed enforcement of sanction order, despite the fact the sanction order did not articulate reasons for the sanctions); *see also Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 896 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (stating that failure to provide specific reasons for sanctions in the order or findings of fact made the sanction order unenforceable).

The trial court's order for sanctions did not explain the behavior being sanctioned. Instead, it merely stated that sanctions were being imposed under Rule 13 and Section

10.001. *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code § 10.001. The trial court did not make findings of fact. The oral statements the trial court made are neither an order nor a finding of fact. *See* Tex. R. Civ. P. 299(a) (requiring filing of findings of fact in the clerk's record); *see also Intec Sys., Inc. v. Lowrey*, 230 S.W.3d 913, 918 (Tex. App.—Dallas 2007, no pet.) (holding court's oral statements cannot substitute for findings of fact); *Gibson v. Bostick Roofing & Sheet Metal Co.*, 148 S.W.3d 482, 494 (Tex. App.—El Paso 2004, no pet.) ("Oral comments from the bench do not constitute findings of fact and conclusions of law.").

This court has previously concluded that if a trial court fails to specifically describe the sanctionable action in either the sanctions order or the findings of fact, the sanction is unenforceable. *Mattly*, 19 S.W.3d at 896 ("Neither the sanctions order nor the findings of fact contain any facts justifying the imposition of sanctions. This failure by the court to comply with rule 13 is an abuse of discretion that renders the order unenforceable and warrants a reversal."). We therefore determine that the sanctions against Leticia are unenforceable because the trial court did not provide specific reasons to impose sanctions in either the sanctions order or findings of fact. *See id.*

When sanctions are overturned due to lack of specificity, we reverse and remand the case to the trial court. *See id.* at 896 n.2.

## CONCLUSION

We reverse the sanctions order against Leticia and remand to the trial court.


/s/      John S. Anderson
         Justice


Panel consists of Justices Anderson, Brown, and Christopher.

8