**Affirmed and Memorandum Opinion filed October 4, 2012.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-11-01072-CV
_____

**BOWAN WANG, Appellant**

**V.**

**MARKS TRANSPORT, INC. D/B/A CHAMPION TOYOTA, Appellee**

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2010-14680**

---

## MEMORANDUM OPINION

In a single issue, Bowan Wang contends the trial court erred by denying his motion for partial vacatur of an arbitration award.   We affirm.

### BACKGROUND

During August 2009, Wang purchased an automobile from Marks Transport, Inc. d/b/a Champion Toyota ("Champion Toyota").   Wang's stepfather was a co-purchaser of the automobile.   According to Wang, the automobile was later stolen and, by the time it

was returned, had sustained extensive damage. Wang alleges he filed a claim with his insurance carrier, but the carrier denied the claim because the automobile was not covered by the comprehensive feature of a standard automobile insurance policy.

Wang filed suit against Champion Toyota, alleging that, prior to the sale of the vehicle, Champion Toyota misrepresented that it verified Wang had adequate insurance coverage. Wang asserted several causes of actions, including violation of the Texas Deceptive Trade Practices Act ("DTPA"). Champion Toyota answered Wang's lawsuit and filed a counterclaim for attorney's fees under the DTPA, alleging Wang's claim was groundless or brought in bad faith or for purposes of harassment. *See* Tex. Bus. & Com. Code Ann. § 17.50(c) (West 2011). Champion Toyota also filed a motion to compel arbitration, which the trial court granted.

On May 4, 2011, the parties' dispute was presented to an arbitrator. On June 3, 2011, the arbitrator issued its ruling, finding against Wang on all of his causes of action and that he did not suffer any damages. Further, the arbitrator found Wang's DTPA claim was groundless or brought in bad faith or for purposes of harassment because he suffered no damages.[1] The arbitrator awarded Champion Toyota $7,500 in attorney's fees and $1,838 in costs.

In the trial court, Champion Toyota filed a motion to confirm the arbitration award. Wang filed a motion to vacate the arbitration award in part, arguing that the arbitrator's award of attorney's fees and costs against Wang should be vacated. In its final judgment, the trial court confirmed the arbitration award.

---

[1] Specifically, the arbitrator found as follows:

6. I further find [Wang] has not suffered damages in this case. [Wang] admits that he did not pay for the repairs to the vehicle and [his stepfather, the co-purchaser,] who is not a party to this action, paid for the repairs. [Wang] failed to present any evidence that he is legally obligated to repay any of these sums to [his stepfather.]

7. Because [Wang] has suffered no damages in this case, his DTPA claims are groundless in fact or law or brought in bad faith or brought for the purpose of harassment.

2

REVIEW OF ARBITRATION AWARD

Wang argues the arbitrator's award should be vacated because the arbitrator's failure to specify particular reasons why it was awarding attorney's fees against Wang violated public policy and was a gross mistake of law.

Although our review of an arbitration award is normally exceedingly narrow, we should not confirm an award that is contrary to public policy. *Symetra Nat. Life Ins. Co. v. Rapid Settlements, Ltd.*, No. 14-07-00880-CV, 2009 WL 1057339, at *2 (Tex. App.—Houston [14th Dist.] April 21, 2009, no pet.) (mem. op.). To support vacatur of an arbitration award, a public policy concern must be "well defined and dominant" and not cobbled "from general considerations of supposed public interests." *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 239–40 (Tex. 2002) (citation omitted). Furthermore, under the common law, an arbitration award may be set aside if the decision appears to be tainted with gross mistake as would imply bad faith and failure to exercise honest judgment. *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co., Inc.*, 164 S.W.3d 438, 446 (Tex. App.—Houston [14th Dist.] 2005, no pet.).[2]

In support of his contention that the arbitrator should have provided a detailed explanation for awarding attorney's fees, Wang cites only cases pertaining to Texas Rule of Civil Procedure 13, under which a trial court must state with particularity good cause for awarding sanctions. Tex. R. Civ. P. 13 ("No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order."); *see also Murphy v. Friendswood Dev. Co.*, 965 S.W.2d 708, 709–10 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (primary case cited by Wang). However, the arbitrator awarded attorney's fees based on section 17.50(c) of the DTPA, which does not contain an express requirement that a trial court state with particularity its reasons for awarding attorney's fees. *See* Tex. Bus. & Com. Code Ann. § 17.50(c). Thus, we conclude the arbitrator's

_____

[2] For purposes of this opinion, we assume "public policy concerns" and "gross mistake of law" are valid grounds for challenging the underlying arbitration award.

3

alleged failure to state with greater particularity his reasons for awarding attorney's fees was not contrary to a well-defined and dominant public-policy concern or a gross mistake of law.[3]

Additionally, Wang argues for the first time on appeal that the arbitrator erred by finding Wang suffered no damages. Specifically, Wang contends that, under the collateral-source rule, his damages were not diminished by the fact his stepfather paid for the automobile repairs. We hold Wang waived this argument because he failed to raise it in his motion to vacate. *See Kline v. O'Quinn*, 874 S.W.2d 776, 790–91 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (op. on rehearing); *see also Saqer v. Ghanem*, No. 09-07-519-CV, 2008 WL 5263359, at *7 (Tex. App—Beaumont Dec. 18, 2008, no pet.) (mem. op.). Wang's sole issue is overruled.

We affirm the trial court's judgment.


/s/     Charles W. Seymore
        Justice


Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

---

[3] We do not address whether an arbitrator would be required to adhere to Texas Rule of Civil Procedure 13 under different circumstances.

4