

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00337-CV

_____

STANLEY ROY HILTON, Appellant

V.

KORRECT GENERAL CONTRACTING, LLC, Appellee

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-307187-19

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

This is an appeal from a judgment granting Appellee Korrect General Contracting, LLC's motion to confirm an arbitration award, denying Appellant Stanley Roy Hilton's[1] motion for summary judgment, and ordering that Hilton take nothing on his counterclaims in a dispute over construction work done by Korrect on Hilton's property. In three issues, Hilton argues that (1) Korrect could not seek confirmation of an arbitration award without first filing a motion to compel arbitration and without authenticating the arbitration award; (2) the trial court could not rule that he take nothing on his counterclaim without a trial; and (3) the evidence was not legally and factually sufficient to confirm the arbitration award. We affirm in part and reverse and remand in part.

## II. BACKGROUND

In April 2019, Korrect filed suit against Hilton alleging various causes of action related to "construction repair, remodeling, and related work" done on Hilton's home following damage "due to an 18-wheeler snagging overhead electrical wires and pulling those wires from [Hilton's] home." After suit was filed, the parties went to arbitration. As Korrect's counsel would later explain:

---

[1]According to Hilton's counsel, Hilton passed away on December 24, 2020. However, pursuant to Rule 7.1(a)(1) of the Texas Rules of Appellate Procedure, we "proceed to adjudicate the appeal as if all parties were alive." Tex. R. App. P. 7.1(a)(1).

There's an arbitration clause in the contract. Mr. Hilton's counsel at the time was Roger Fuller, not Mr. Jarzombek. He came a little bit later. So Roger Fuller and our firm agreed to take this to arbitration under Triple A fast track rules, and together we selected and [sic] Anne Stark, through the normal procedures, to see [sic] the arbitrator. . . . And she did that in August of '19.

The next document that appears in the clerk's record following Korrect's original petition is Korrect's motion to confirm the arbitration award, which was filed five months after the original petition. In the motion, Korrect states that an arbitration proceeding was filed with the American Arbitration Association in May 2019, that a final hearing before Stark was held, and that Stark issued her award in August 2019. Korrect attached a copy of the award to its motion to confirm.

Almost three months after Korrect filed its motion to confirm the arbitration award, Hilton filed his original answer in which he asserted a general denial and affirmative defense of illegality due to violations of "Texas Insurance Code § 4102.51's prohibition against a corporation acting or holding itself out as a public insurance adjuster in the absence of a license." The following month, Hilton filed a counterclaim asserting various causes of action: request for declaratory relief, violation of the Deceptive Trade Practices-Consumer Protection Act (DTPA), fraud by the use of an illegal agreement, and violation of the Texas Finance Code. Korrect responded with an amended motion to confirm the arbitration award that argued that "[r]es judicata bars Hilton from asserting post-hearing those defenses, claims and causes of action he should have asserted during arbitration" and that Hilton's

affirmative defenses had been waived. Several documents were attached to the amended motion to confirm the arbitration award—the "Award of Arbitrator," "Hilton's Motion to Extend Deadlines[,] Answer[,] and Counter-Claim"[2] filed in the arbitration proceeding, and "Plaintiff's Original Petition" filed in the trial court.

Korrect set a hearing on its amended motion to confirm the arbitration award. However, prior to the hearing, Hilton filed a motion for summary judgment on his request for declaratory relief. It was set for hearing at the same time as the motion to confirm the arbitration award.

Korrect responded to the motion for summary judgment, again asserting that all of Hilton's claims and causes of action were barred by res judicata and that the arbitrator had already denied Hilton's relief on his defenses and counterclaims.[3] Numerous documents were attached to the response, including the affidavit of Rich Speakman—a supervisor with Korrect—who attached several documents as Korrect's business records, including the arbitration award. Korrect also attached "Hilton's Motion to Extend Deadlines[,] Answer[,] and Counter-Claim" which was signed by Fuller as Hilton's attorney. Hilton filed objections to Korrect's evidence.

---

[2]The counterclaims that were alleged in Hilton's answer filed in the arbitration proceeding included breach of contract, attorney's fees, and fraud.

[3]The arbitration award stated that it was "in full settlement of all claims and counterclaims submitted to this Arbitration. All claims and counterclaims not expressly granted herein are hereby denied."

4

At the hearing on the motion to confirm the arbitration award and the motion for summary judgment, only argument was made. The trial court ultimately denied Hilton's motion for summary judgment, overruled all of Hilton's objections to Korrect's summary-judgment evidence, and signed a final judgment granting Korrect's motion to confirm the arbitration award, awarding damages, attorney's fees, and interest to Korrect, and ordering that Hilton take nothing on his claims and counterclaims. Hilton appeals from this judgment.

## III. DISCUSSION

On appeal, Hilton raises three issues asking (1) whether Korrect could institute arbitration proceedings without filing a motion to arbitrate and then seek to confirm the arbitration award "without authenticating the arbitration award or admitting evidence"; (2) whether the trial court could "rule that [Hilton] take nothing on his counterclaim without a trial and without receiving evidence"; and (3) whether the evidence was legally and factually sufficient to confirm the arbitration award and to enter a take-nothing judgment as to the counterclaim. We will first address Hilton's first and third issues that complain about the arbitration award. Then we will address the second issue complaining about the disposition of Hilton's counterclaim.

## A. The Arbitration Award

The Federal Arbitration Act (FAA) and the Texas Arbitration Act (TAA) set out grounds for vacating, modifying, or correcting an arbitration award.[4]  *See* 9 U.S.C.A. §§ 9–11, Tex. Civ. Prac. & Rem. Code Ann. §§ 171.088, .091.  The grounds listed in Section 10(a) of the FAA are the exclusive grounds for vacating an arbitration award under the FAA.  *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826–27 (Tex. App.—Dallas 2009, no pet.) (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584, 128 S. Ct. 1396, 1403 (2008)).  Similarly, "the TAA leaves no room for courts to expand on" the grounds listed in Section 171.088 of the TAA.  *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016).

Both the FAA and the TAA also set deadlines for a party to file a motion or application to vacate, modify, or correct the arbitrator's award within a set time after the award is filed or delivered.  *Reitman v. Yandell*, No. 02-17-00245-CV, 2018 WL 1324775, at *1 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.) (per curiam) (mem. op.).  The FAA provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C.A. § 12.  Under the TAA, the "application" to modify or correct the award is due "not later than the 90th day after

---

[4]The trial court's findings of fact and conclusions of law, as well as the appellate briefs of Hilton and Korrect, cite to both the FAA and TAA; therefore, we will likewise do so in this opinion.

6

the date of delivery of a copy of the award to the applicant." Tex. Civ. Prac. & Rem. Code Ann. § 171.091(b). Failure to file such a motion results in forfeiture of the right to judicial review of the award. *Slay v. Nationstar Mortg., L.L.C.*, No. 02-09-00052-CV, 2010 WL 670095, at *3 (Tex. App.—Fort Worth Feb. 25, 2010, pet. denied) (mem. op.); *Mauldin v. MBNA Am. Bank, N.A.*, No. 02-07-00208-CV, 2008 WL 4779614, at *3 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (mem. op.).

Here, the arbitration award was signed August 26, 2019. Hilton did not seek to vacate, modify, or correct the arbitration award until he filed his counterclaim on January 17, 2020.[5] To the extent Hilton's counterclaim may be construed as an application for vacatur, modification, or correction of the arbitration award, it was not timely under either the FAA or the TAA, and Hilton has therefore forfeited his right to seek judicial review of the award. *See Reitman*, 2018 WL 1324775, at *2. The trial court was therefore required to confirm the arbitration award. *See* 9 U.S.C.A. § 9 (providing that when a party moves for an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected"); Tex. Civ. Prac. & Rem. Code Ann. § 171.087 ("Unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award."); *Thiessen v. Fid. Bank*,

---

[5]In its findings of fact, the trial court confirmed that "Hilton did not plead any grounds for, nor make any argument for vacatur." The trial court also stated in its conclusions of law that "there were no grounds for vacatur pled or proven" by Hilton.

7

No. 02-17-00321-CV, 2018 WL 5993316, at *2 (Tex. App.—Fort Worth Nov. 15, 2018, pet. denied) (mem. op.).

While Hilton agrees that he did not file a motion to vacate, correct, or modify the arbitration award, he argues that the arbitrator had no jurisdiction[6] because, "[w]ithout a motion to compel arbitration, jurisdiction remained exclusively in the trial court." Neither the FAA nor the TAA are jurisdictional. *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 96–97 (Tex. 2011). In addition, nothing in the FAA or TAA requires a motion to compel as a prerequisite to a motion to confirm. *Carter v. ZB Nat'l Ass'n*, 578 S.W.3d 613, 622 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("Nothing in the [FAA] or [TAA] requires that parties get an order compelling arbitration, and unless the parties agree that an order compelling arbitration is a necessary prerequisite to arbitration, an arbitration may be conducted and an arbitration award may be rendered and enforced without any order compelling arbitration.").

Once parties are in litigation, rather than filing a motion to compel arbitration, they may agree to take all or part of the dispute out of litigation and submit it to arbitration. Here, there was no contention until after the award was entered that there was no agreement to arbitrate. *See Massey v. Galvan*, 822 S.W.2d 309, 318 (Tex. App.—Houston [14th Dist.] 1992, writ denied) ("[U]ntil the arbitrators made the award, there was never any dispute over the fact that there was such an agreement or what the

---

[6]Subject-matter jurisdiction can be raised for the first time on appeal. *Henry v. Cox*, 520 S.W.3d 28, 35 (Tex. 2017).

terms of that agreement were.").[7]  In fact, several matters in the record indicate that there was an agreement to arbitrate.  First, the construction contract signed by Hilton and Korrect contained a mandatory arbitration provision.    Second, Hilton's "Answering Statement" in the arbitration contained no objection to arbitration.  Third, "Hilton's Motion to Extend Deadlines[,] Answer[,] and Counter-Claim" filed in the arbitration proceeding also contained no objection to arbitration; rather, it only contained a request to extend the arbitration deadlines.  Fourth, the arbitrator in her award stated that she was "designated in accordance with the arbitration agreement entered into between the [ ] parties."

Having agreed to arbitrate, neither party needed to file a motion to compel arbitration.  And once the arbitration award was entered, by failing to timely file a motion to vacate, modify, or correct the arbitration award, Hilton forfeited any complaints about the award.  We overrule Hilton's first and third issues.

## B.  Counterclaim

In his second issue, Hilton complains about the summary disposition of his counterclaim which asserted that, because the construction agreement with Korrect is "illegal on its face" and void, he is entitled to assert claims for declaratory relief, violation of the DTPA, fraud, and violation of the Texas Finance Code.  Korrect

---

[7]The rules of the American Arbitration Association also grant arbitrators the power to rule on their own jurisdiction.  *Signature Pharms., L.L.C. v. Ranbaxy, Inc.*, No. 05-17-00412-CV, 2018 WL 1250006, at *9 (Tex. App.—Dallas Mar. 12, 2018, pet. denied) (mem. op.).

9

responds that all of Hilton's claims are barred by "res judicata, TRCP 94, waiver, ratification, or laches." On appeal, Hilton argues that the trial court could not rule on his counterclaim without a trial or the receipt of evidence. We agree that there could be no disposition without either a trial on the merits or a hearing on a dispositive motion.

At the hearing on the motion to confirm the arbitration award, the only other matter set for hearing was Hilton's motion for partial summary judgment on his counterclaim. The motion for partial summary judgment sought a declaratory judgment that the agreement between Hilton and Korrect was void and that Korrect held itself out as a public insurance adjuster. While in its response, Korrect argued that res judicata barred all of Hilton's claims, Korrect never moved for summary judgment on this defense. Nevertheless, the trial court not only denied Hilton's motion for summary judgment but also ordered that Hilton take nothing on all of his claims and counterclaims.

Hilton makes several complaints about the trial court's actions. First, Hilton complains that Korrect had no pleadings or evidence to support its defense of res judicata. Hilton seems to argue that, by failing to include res judicata in its original petition or an answer to the counterclaim, Korrect failed to adequately plead res judicata. We disagree. While res judicata is an affirmative defense, *see* Tex. R. Civ. P. 94, Korrect raised the defense multiple times, starting with its first amended motion to confirm the arbitration award which was filed after Hilton's counterclaim.

10

In it, Korrect spent three pages under the heading "Hilton's newly-minted defenses are untimely, without merit, and barred under res judicata" arguing why res judicata bars all of Hilton's counterclaims and defenses to entry of the arbitration award.[8] This was sufficient to apprise both Hilton and the trial court of Korrect's defense. *See Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex. 1992) (stating that "Rule 94's requirement of pleading is not absolute" and, by failing to file special exceptions, a party cannot later complain that a pleading was insufficiently specific).

Second, Hilton complains that the trial court entered a take-nothing judgment on his counterclaims "without admitting any evidence to support the trial court's entry of an adverse judgment." We agree. While Korrect pleaded its defense of res judicata, it failed to ever move for summary judgment on the defense or to set the matter for trial.

The purpose of a summary judgment is to "provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact." *Gaines v. Hamman*, 358 S.W.2d 557, 563 (Tex. 1962). It is well established that a party can move for summary judgment on its affirmative defense. *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 625 (Tex. 2018). However, summary judgments can only be granted upon grounds expressly

___

[8]Korrect also argued res judicata in its response to Hilton's motion for summary judgment and its reply to Hilton's response to Korrect's motion to confirm the arbitration award.

asserted in a motion.  Tex. R. Civ. P. 166a(c).  A party is entitled to summary judgment on an affirmative defense if it conclusively proves all the elements of that defense.  *See* Tex. R. Civ. P. 166a(b), (c); *Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008); *see also Peterson, Goldman & Villani, Inc. v. Ancor Holdings, LP*, 584 S.W.3d 556, 562 (Tex. App.—Fort Worth 2019, pet. denied) ("A defendant who moves for summary judgment on the basis of [res judicata] therefore has the burden to prove conclusively all its elements as a matter of law."); *Premium Plastics Supply, Inc. v. Howell*, 537 S.W.3d 201, 205 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("To be entitled to summary judgment, the Howells were required to conclusively prove all the elements of their res judicata defense as a matter of law.").

As set out above, Korrect never moved for summary judgment on its res judicata defense.  And the affirmative defense of res judicata is routinely raised in a post-arbitration motion for summary judgment.  *See generally III Forks Real Estate, L.P. v. Cohen*, 228 S.W.3d 810, 813 (Tex. App.—Dallas 2007, no pet.) ("Appellees moved for summary judgment, alleging the arbitration award was res judicata to III Forks's claims . . . ."); *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 250 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh'g) ("Asserting the arbitration award precluded Tanox's claims against them, the Individual Lawyers moved for summary judgment on the affirmative defenses of res judicata and collateral estoppel on all of Tanox's claims.").

Granting judgment on a claim not addressed in a summary judgment motion is, as a general rule, reversible error.  *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011).  Therefore, we sustain issue two.

## IV. CONCLUSION

Having overruled issues one and three, we affirm the part of the judgment confirming the arbitration award.  Having sustained issue two, we reverse and remand the part of the judgment ordering that Hilton take nothing on his claims and counterclaims.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  October 7, 2021

13