**Affirmed and Opinion Filed April 12, 2022**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00743-CV

**ALEXANDER PERRY AND LABORA REAL ESTATE, INC. F/K/A CES PROPERTY INVESTMENTS, INC., Appellants**
**V.**
**PAUL AND LESLIE GLEISER, STEVE AND TINA GWINN, AND WARD AND CHERI COPLEY, Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-19191**

## MEMORANDUM OPINION

Before Justices Schenck, Pedersen, III, and Molberg
Opinion by Justice Pedersen, III

This is an interlocutory appeal from the trial court's order denying appellants'

motion to dismiss pursuant to the Texas Citizens Participation Act (the TCPA). The

motion sought to dismiss all of appellees' claims against appellants Alexander Perry

and Labora Real Estate, Inc. f/k/a CES Property Investments, Inc. (Labora). In two

issues, appellants contend they established that appellees' claims implicate

appellants' right of association as that term is understood in the TCPA and that

appellants failed to carry their burden to show a prima facie case of their claims by

clear and convincing evidence. We conclude that appellants' motion to dismiss was untimely, and we affirm the trial court's order on that basis.

## Background

Appellees, plaintiffs below, are neighbors and residents of University Park, Texas. Herschel Hawthorne LLC (Hawthorne) owns a pair of duplexes on the same street on which appellees live.[1] Each side of the two Hawthorne duplexes contains five bedrooms and bathrooms. Both duplexes are zoned residential and are leased to students from Southern Methodist University; one resident occupies each room, for a total of ten residents per duplex.

Appellees sued appellants, Hawthorne, and Thomas A. Hartland-Mackie,[2] alleging that leasing to—or otherwise allowing the duplexes to be occupied by—this total of twenty students violates University Park ordinances that require properties zoned for residential use to be occupied by a "household." University Park Zoning Ordinance § 5.2.6. A city ordinance defines a "household" as any number of individuals living together as a single housekeeping unit, in which not more than two individuals are unrelated by blood, marriage or adoption. University Park Ordinance § 11.11. Appellees allege further, that the conduct of the tenants disturbs their sleep, creates problems with trash that have invited rodent and insect

---

[1] Hawthorne is a defendant below, but it is not a party to this appeal.

[2] Hartland-Mackie is also a defendant below but not a party to this appeal.

infestations, promotes parking and traffic problems, and interferes with appellees' peaceful enjoyment of their own properties.

Appellees sued the four defendants on December 30, 2020: Hawthorne (owner of the properties); Labora (a manager of the properties); Perry (a manager of Hawthorne and agent of Labora); and Hartland-Mackie (another manager of Hawthorne). Appellees' original and first amended petitions referred to the four collectively, using the defined term "Defendants." Perry was served with process on January 11, 2021, and Labora was served on January 13, 2021.

Appellees pleaded claims for nuisance (negligent nuisance, negligence per se, nuisance per se, and intentional nuisance) and sought damages as well as declaratory and injunctive relief. Their initial pleadings alleged that the many disturbances that create the nuisance were proximately caused by the Defendants' conduct, specifically "Defendants' illegal leasing of, or allowing the excessive occupancy of, the Properties, and the Defendants' failure to maintain and/or oversee the use of the Properties by their Tenants."

Appellants answered the original petition and urged special exceptions. Those exceptions asserted that the petition: failed to identify which Defendants committed the violations that the plaintiffs claim gave rise to this lawsuit; did not provide fair notice of the plaintiffs' claims or allow the defendants to properly defend against the claims; did not identify which defendant allegedly violated the section 5.2.6 zoning ordinance and the various sections of the City Code alleged by the plaintiffs; and the

capacity in which each of the defendants might allegedly be held liable. The trial court ordered appellees "[to] amend their First Amended Petition to include allegations that set forth how liability extends to each of the Defendants named in this lawsuit." In response to that order, appellees filed their Second Amended Petition.

Nine days later—on May 6, 2021—appellants moved to dismiss all of the defendants' claims pursuant to the TCPA. The trial court denied the motion. This appeal followed.

### The TCPA Motion to Dismiss

The TCPA is intended "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. The statute's protections are triggered by a motion to dismiss, which generally cuts off an offending lawsuit early in the proceeding. *See, e.g., In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (TCPA's purpose "to identify and summarily dispose of" actions intended to chill First Amendment rights). To that end, the motion must be filed not later than the sixtieth day after the date of service of the legal action. CIV. PRAC. & REM. § 27.003(b). It is undisputed that appellants did not file their motion to dismiss within sixty days of

being served with the original petition in this case.[3] Appellants contend, however, that the Second Amended Petition, filed in response to appellants' special exceptions, constituted a separate legal action under the statute, which re-set the sixty-day time period for filing a motion to dismiss. We review de novo the trial court's ruling on a TCPA motion to dismiss. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018).

The Texas Supreme Court has recently addressed the issue of when an amended petition qualifies as a new legal action for purposes of section 27.003(b)'s sixty-day filing window. The court set forth the standard succinctly in a pair of cases, issued contemporaneously, that state:

> We hold that an amended or supplemental pleading that asserts the same legal claims or theories by and against the same parties and based on the same essential facts alleged in a prior pleading asserts the same "legal action" to which the sixty-day period previously applied and thus does not trigger a new sixty-day period for filing a dismissal motion. But to the extent an amended or supplemental pleading either (1) adds a new party or parties, (2) alleges new essential facts to support previously asserted claims, or (3) asserts new legal claims or theories involving different elements than the claims or theories previously asserted, the new pleading asserts a new legal action and triggers a new sixty-day period as to those new parties, facts, or claims.

*Montelongo v. Abrea*, 622 S.W.3d 290, 293–94 (Tex. 2021); *see also Kinder Morgan SACROC, LP v. Scurry County*, 622 S.W.3d 835, 848 (Tex. 2021) (quoting *Montelongo*).

---

[3] Perry's sixty days expired March 12, 2021; Labora's sixty days expired on March 15, 2021. *See* Civ. Prac. & Rem. § 27.003(b).

–5–

Appellants concede that the Second Amended Petition did not add a new party or assert a new claim. Appellants contend that the Second Amended Petition added "new essential facts" to support appellees' previously asserted claims. The supreme court explained in *Montelongo* that essential facts, in this context, comprise part of the cause of action alleged, i.e., they are facts on which liability is based. 622 S.W.3d at 301. Appellants refer us to two paragraphs in the Second Amended Petition that allegedly added those new essential facts and brought the case within the TCPA's protection for the right of association.[4] Other than this general reference, appellants make three specific allegations. They assert that this pleading is the first in which: (1) appellees "mention 'pursuit of' a 'common plan'"; (2) appellees identify the title or corporate status of Perry and Labora; and (3) appellees "stated any fact related to a specific defendant" besides Hawthorne. We address the specific allegations in turn.

---

[4] Responding to appellees' charge that the motion was untimely, appellants' reply brief refers us generally to "[e]xcerpts of the new allegations" that were quoted in their opening brief. These were the quoted paragraphs:

> a. All Defendants have taken action in pursuit of the common plan to create the aforementioned college housing within Plaintiffs' residential neighborhood. Under Texas law, those who are in pursuit of a common plan or design to commit a tortious act and actively participate in it or lend aid, cooperation, or encouragement to the wrongdoer are equally liable therefore. Thus, all Defendants, not just Herschel Hawthorne LLC, are responsible for causing Plaintiff's legal injury which results from the Properties excessive occupancy and Defendants' misuse of the Properties.

> e. Because all Defendants' participated in, lent aid to, cooperated in, and/or encouraged the purchase of, mortgage of, construction of, marketing of, management of, and/or leasing of the Properties, and because all of Defendants' actions were taken in pursuit of the common plan or design to bring about the Properties' excessive occupancy and misuse, all Defendants are equally liable for the legal injury suffered by Plaintiffs as a result of the Properties['] excessive occupancy and misuse.

(1) Appellants seize on the language of a "common plan" as if it were a per se statement of the concept of association as that term is intended in the TCPA. But the language of the Second Amended Petition has its roots not in constitutional protections, but in concert of action, a theory of joint tort liability:

> All those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt the wrongdoer's acts done for their benefit, are equally liable.

*Juhl v. Airington*, 936 S.W.2d 640, 643 (Tex. 1996) (quoting W. PAGE KEETON, ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 46, 323 (5th ed.1984)); *see also III Forks Real Estate, L.P. v. Cohen*, 228 S.W.3d 810, 815 (Tex. App.—Dallas 2007, no pet.). The Second Amended Petition was not the first time appellees alleged that the four defendants took part together in the actions alleged to be the nuisance. On the most basic level, Perry and Labora were sued along with Hawthorne and Hartland-Mackie. All four were referred to as "Defendants" in the original petition, and in both the fact and cause-of-action sections of the pleading, the activities were attributed to all four parties through the use of that defined term. As to *how* the Defendants acted together, the original petition alleged that:

> The aforesaid disturbances which create the nuisance complained of are proximately caused by Defendants' intentional and/or negligent conduct, specifically Defendants' illegal leasing of, or allowing the excessive occupancy of, the Properties, and the Defendants' failure to maintain and/or oversee the use of the Properties by their Tenants.

The Second Amended Petition does not alter these fundamental allegations in any way. Appellees' consistent theory of the case has been that appellants have created a nuisance by designing and over-leasing housing that violates a city ordinance and then failing to oversee their tenants' harmful behavior. We have stated that filing an amended petition that does not alter the essential nature of an action will not reset the sixty-day deadline. *Interest of C.T.H.*, 617 S.W.3d 57, 61–62 (Tex. App.—Dallas 2020, no pet.); *Luxottica of Am. Inc. v. Gray*, No. 05-19-01013-CV, 2020 WL 7040980, at *5 (Tex. App.—Dallas Dec. 1, 2020, no pet.) (mem. op.). The Second Amended Petition's allegation of a "common plan" did not alter the essential nature of appellees' nuisance action.

(2) Appellants assert that the Second Amended Petition is the first time that appellees identify Perry as a manager of Hawthorne and Labora as a former member of Hawthorne. Appellants' personal or corporate titles were neither new information to appellants nor essential factual allegations. Such identifications were no more than additional detail concerning the status of existing parties. "[A]n amended petition that merely adds details to prior alleged facts does not restart the clock if the same essential factual allegations supporting the claim were present in an earlier petition." *Luxottica*, 2020 WL 7040980, at *5.

(3) Finally, appellants complain that the Second Amended Petition for the first time "stated any fact related to a specific defendant other than [Hawthorne]." As to appellant Perry, the Second Amended Petition identifies him as a manager and

–8–

alleges that—in that role—he was involved in purchasing, mortgaging, constructing, marketing, leasing, and managing the Properties, doing so "for the specific purpose of leasing the Properties, or allowing the Properties to be occupied and misused, in the excessive manner which causes the Plaintiffs' legal injury." Similarly, the Second Amended Petition identifies Labora as a member of Hawthorne and asserts that—while serving in that role—it executed the Deeds of Trust that secured repayment of the funds loaned to construct the Properties, doing so "for the specific purpose of leasing the Properties, or allowing the Properties to be occupied, in the excessive manner which causes the Plaintiffs' legal injury." These details concerning the corporate role of the appellees did not alter the essential nature of appellees' nuisance claims, which are rooted in the excessive leasing, excessive occupation, and misuse of the properties. Amendments that merely provide specificity for a claim that defendants had notice of in the original petition will not alter the essential nature of an action and re-start the TCPA's sixty-day time period. *See Mancilla v. Taxfree Shopping, Ltd*, No. 05-18-00136-CV, 2018 WL 6850951, at *3 (Tex. App.—Dallas Nov. 16, 2018, no pet.) (mem. op.).

We conclude that none of the facts identified by appellants can be characterized as new essential factual allegations within the Second Amended Petition. An amended pleading does not assert a new legal action if it asserts the same causes of action against the same parties based on the same essential factual allegations. *See Montelongo*, 622 S.W.3d at 296. By attempting to add more

specificity to their factual allegations—as appellants demanded in their special exceptions—appellees did not plead a new legal action that would re-start the TCPA's sixty-day deadline for filing a motion to dismiss.[5]

We conclude that appellants' motion to dismiss was untimely.[6] The trial court did not err in denying appellant's motion to dismiss.

### Conclusion

We affirm the trial court's order.

210743f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

---

[5] We note that our conclusion today is supported by the breadth of the remedy sought by appellants in their motion to dismiss, i.e., the dismissal of *all* claims against them. The Texas Supreme Court made clear that if an amended pleading adds new essential facts, then the pleading triggers a new sixty-day period to move for dismissal *as to those new facts*. *Montelongo*, 622 S.W.3d at 293–94. By seeking dismissal of all of appellees' claims, appellants essentially acknowledge that any details or specifications added in the Second Amended Petition speak to the same factual basis urged for the claims originally pleaded.

[6] Given this conclusion, we need not address whether the lawsuit implicates the right of association or whether appellees established a prima facie case of their claims by clear and specific evidence.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ALEXANDER PERRY AND
LABORA REAL ESTATE, INC.
F/K/A CES PROPERTY
INVESTMENTS, INC., Appellants

No. 05-21-00743-CV      V.

PAUL AND LESLIE GLEISER,
STEVE AND TINA GWINN, AND
WARD AND CHERI COPLEY,
Appellees

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-19191.
Opinion delivered by Justice
Pedersen, III. Justices Schenck and
Molberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Paul and Leslie Gleiser, Steve and Tina Gwinn, and Ward and Cheri Copley recover their costs of this appeal from appellants Alexander Perry and Labora Real Estate, Inc. f/k/a Ces Property Investments, Inc.

Judgment entered this 12th day of April, 2022.